## BOLLING *vs.* MOCK.

[TROVER BY WIFE, FOR CONVERSION OF PROPERTY BELONGING TO SEPARATE ESTATE.]

1. *Ratification by wife of husband's unauthorized sale of property belonging to separate statutory estate.*—If the wife may elect to take property obtained by her husband's unauthorized sale or exchange of articles belonging to her statutory separate estate, (a question which is left open and undecided in this case,) it is only by virtue of the equitable doctrine of constructive trusts, and she does not thereby acquire a legal title.

2. *When wife may sue.*—Section 2131 of the Code does not authorize a married woman to sue at law on a purely equitable title relating to her statutory separate estate.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. NAT. COOK.

THIS action was brought by Mrs. Rachel Mock, the wife of Jacob Mock, against John Bolling, to recover damages for the defendant's conversion of certain beef-cattle, which the plaintiff claimed as a part of her statu-

tory separate estate, and which the defendant had purchased from said Jacob Mock. The defendant pleaded, 1st, the coverture of the plaintiff; and, 2d, the general issue. The plaintiff took issue on the second plea, and replied to the first, that the property converted by the defendant belonged to her statutory separate estate under the act of 1850. To this replication the defendant filed a general rejoinder, and issue was thereon joined. The facts of the case, as proved on the trial, are thus stated in the bill of exceptions:

"The plaintiff introduced proof showing, that she was the daughter of Abram Smith, deceased, who died in Covington county, Alabama, in 1852, intestate, leaving a considerable estate in real and personal property; that the administrators of said Smith, in settling for her distributive share of said estate, delivered to her husband, as her trustee, a note for about $720, made by Wiley Dixon and others, payable to said administrators, and due the 1st January, 1854; that in June, or July, 1854, her said husband traded and transferred said note to one Holly for some beef-cattle, a part of which are the cattle here in controversy, and received said cattle from said Holly; that said cattle were afterwards levied on, as the property of her husband, Jacob Mock, under an execution in favor of the defendant, and, before the sale under the levy, were purchased by the defendant from said Jacob Mock, at private sale, in the presence of plaintiff, and full value paid for them; and that the defendant afterwards used said cattle as his own. There was no evidence that plaintiff and her said husband conveyed said note jointly to said Holly, by writing or otherwise, in the presence of witnesses; nor that plaintiff in any manner assented to the transfer of said note before the commencement of this suit; nor that she ever asserted or claimed any title or interest in said cattle before the commencement of this suit; nor that defendant, before he purchased said cattle, had any information of the fact that they were bought from Holly with said note, or that plaintiff claimed or asserted any interest in them. The value of said cattle was proved; and it was also proved,

that plaintiff and her said husband were married, in Alabama, some twenty years ago, and had resided here ever since. The defendant proved, that when said cattle were levied on by the sheriff, (they having Holly's mark on them,) two other cattle were also levied on by him having the mark of said Jacob Mock on them; that plaintiff thereupon procured a person to go to the sheriff, and claim said two cattle for her children, saying that they belonged to the children; and that she said nothing about the cattle in controversy, although she knew that they had been levied on at the same time."

" This being all the evidence, the court charged the jury, that if they believed the evidence, they must find for the plaintiff; to which charge the defendant excepted," and which he now assigns as error.

WATTS, JUDGE & JACKSON, for appellant.

D. W. BAINE, and JNO. K. HENRY, *contra*.

A. J. WALKER, C. J.—One of the questions discussed in this case is, whether a married woman has the election to take property purchased with, or obtained in exchange for, articles of her statutory separate estate by her husband ; there being no joint conveyance of such articles by husband and wife, as contemplated by our act of 1850, and section 1894 of the Code. That question we leave open and undecided.

If a married woman has the right to take property purchased by her husband with her separate estate, it is by virtue of the doctrine of implied or constructive trusts. 2 Story's Eq. Jur. § 1210 ; Atherly on Mar. Set. 443; Oliver v. Piatt, 3 How. 333–400 ; Kavanaugh v. Thompson, 16 Ala. 824; Taliaferro v. Taliaferro, 6 Ala. 404. The title which enures to a *cestui que trust*, by the trustee's investment of the assets of the trust in other property, results from the equitable doctrine of implied trusts, and can be recognized and enforced only in a court of equity.— 2 Story's Eq. Jur. § 1080, note 4; Puryear v. Puryear, 16 Ala. 486.

[2.] The latter clause of section 2131 of the Code refers
47

to those cases where the title to the property is legal, and the *feme covert* has such a title that she might, in the absence of her coverture, maintain an action at law in her own name. To construe it as giving a right of action at law upon a title or interest of a purely equitable character, would go far to break down the distinction between equitable and legal jurisdictions. This we do not think was the intent of the law.—Pickens and Wife v. Olver, 29 Ala. 528.

From what we have said, it follows, that there was error in the ruling of the court below.

The judgment of the court below is reversed, and the cause remanded.