# Holly *v.* Flournoy, Trustee.

*Detinue for Horse.*

1. *Substitution, order allowing; when cannot be revised.*—Where the action of the court, in allowing the substitution of a complaint is sought to be revised, the facts should be made matter of record, and objection made at the time the substitution is allowed.

2. *Same; what not sufficient to show.*—An affidavit found in the record, not shown to have been brought to the notice of the court, or acted on by it, is not sufficient to authorize an appellate court to hold that there was a substitution, and the affidavit the only evidence on which it was allowed.

3. *Complaint; when sufficient.*—A complaint which shows that the plaintiff, as trustee of a married woman, claims in *specie* a horse, which it is averred the defendant detains from him, is not bad on demurrer for an insufficient statement of the cause of action, nor liable to the objection that it shows that the married woman should have sued in her own name.

4. *Declarations by the husband; when inadmissible.*—Declarations by the husband, in regard to the ownership of property, which he had transferred to a trustee for the benefit of his wife, in satisfaction of certain of her moneys and property which he had converted, are not admissible evidence against the trustee, when it is not shown that such declarations were made prior to the execution of the deed, under which the trustee claims.

5. *Record from sister State; when inadmissible.*—A record of judicial proceedings had in a sister State, not certified by the judge of the court in which the proceedings were had, in conformity to the act of congress, is not properly authenticated, and is inadmissible as evidence in the courts of this State.

6. *Transferee of husband, when takes subject to equity of wife.*—Where the husband invests the *corpus* of the wife's statutory estate in the purchase of property, taking the title in his own name, the wife has the equity of every other *cestui que trust* to pursue the funds, and either take the property or charge it with the payment of the money used in the purchase. This is a mère equitable right, and until it is asserted, the legal title remains in the husband, who may transfer it, and his transferee, if not a *bona fide* purchaser, takes it subject to the wife's equity.

7. *Statute requiring wife to sue alone; what not applicable to.*—The statute requiring the wife to sue alone at law, where the suit relates to the corpus of her statutory estate, has no application to the equities of the wife, nor to a separate estate created by deed.

8. *Detinue; what measure of damages in.*—In detinue, as in trover, the jury may assess the highest value of the property, at any time between the commencement of the suit and the trial, but they are not bound to do so; and a charge that they are thus bound is erroneous. Where, however, it clearly appears that the jury have not assessed the highest value warranted by the evidence, such a charge is not ground for reversal.

9. *Charge to jury, when properly refused.*—A charge asked in reference to the weight to be accorded the testimony of a witness discredited, when it does not appear that any witness has been discredited, is abstract, and properly refused.

Appeal from Circuit Court of Covington.

Tried before Hon. Philemon O. Harper.

The complaint in this case was as follows: "The plaintiff, as trustee of Frances Watson, a married woman, claims of the defendant the following personal property, to-wit: One

bay horse, of the value of two hundred dollars, for the use and hire thereof from the first day of January, 1870, which property, when recovered, will be assets in his hands, belonging to the estate of the said Frances Watson." An affidavit setting forth that the original summons and complaint had been lost, and that the one now proposed to be substituted was similar to the one lost, appears in the transcript, but no action on the affidavit is disclosed, or that it was filed or in any manner brought to the notice of the court.

The bill of exceptions recites, the defendant interposed a demurrer to the complaint on the following grounds: 1st. "Because said complaint shows on its face that the property sued for is the separate estate of Frances Watson, the plaintiff in the case, and that the said suit should have been brought in her own individual name. 2d. That the said complaint is ambiguous and uncertain, and bad for want of certainty of interest. 3d. That the complaint does not aver that the property sued for is the property of the plaintiff, Frances Watson."

This demurrer was overruled, and defendant excepted. Plaintiff then offered one Ezekiel Watson, who testified that he was the husband of Frances Watson; that "in 1853 he received from her guardian certain money belonging to his wife, which he invested in lands and cattle, and that the horse in question was the progeny of one purchase with his wife's money. He testified that the horse had been sold as his property, under a levy in Florida, and that defendant bought the horse at such sale; that he told those who were then present that the horse was his wife's, and at the same time exhibited a deed from himself to his wife. He also testified that the horse was worth about two hundred and fifty dollars, and that it was one of the horses mentioned in the deed. Witness was asked on cross-examination "if he did not, at the time the horse was sold under the attachment in Florida, and at the time the defendant bought him, point him out as his property, and tell the defendant to buy him—he was good property." Plaintiff objected to this question, and the court, against the exception of the defendant, sustained the objection.

The plaintiff then offered the deed from Watson to Flournoy, as trustee. The defendant objected to the introduction of the deed, on the ground that it purported to be a contract between husband and wife, and that it was irrelevant and illegal. The court overruled the objection, and allowed the deed to go to the jury, to which defendant excepted.

Defendant then offered a transcript from the county court of Santa Rosa county, Florida, which was certified by the

clerk of the court, under a state seal, but the certificate of the judge of the court was omitted.

To the introduction of this deed plaintiff objected, on the ground that it was not authenticated as required by the acts of congress. This objection was sustained, and the transcript excluded, to which defendant excepted.

Plaintiff then requested the following charges in writing: "That if the jury believe from the evidence that this is one of the horses that was in possession of E. Watson at the time he executed the deed to plaintiff, and that the horse was in the possession of the defendant at the time of the institution of this suit, and that plaintiff had not parted with his title, then the plaintiff is entitled to recover the highest value of the horse from that time until the trial, with interest thereon."

2d. "That E. Watson, the husband of Frances Watson, had a right to convey said property to the plaintiff as trustee of said Frances Watson, and a stranger could not take any advantage of it."

3d. "That E. Watson, as husband of Frances Watson, had a right to transfer his trusteeship of his wife's separate estate to the plaintiff as trustee for his wife, and the wife alone can take advantage of the conveyance, and a stranger to the deed cannot take advantage of it." Each of these charges was given by the court, and defendant separately excepted. The defendant then asked the following charges in writing: "If the jury believe from the evidence that the horse was bought with the money of Mrs. Watson, then it was her separate estate, and her property, and if her property, could not at the same time have been the property of Ezekiel Watson, then he could not deed it to his wife, and if he did, the instrument was a mere nullity, and the character of the property would not be changed, and the suit should have been brought in the name of Mrs. Watson alone. 2. If the jury do not believe the evidence of Ezekiel Watson, then the plaintiff cannot recover; if the said Ezekiel Watson has been discredited in any other part of his testimony, then they may look to this part, in order to determine whether or not any part of his testimony, not corroborated, is not to be believed." These charges the court refused, and defendant duly excepted. The record fails to show that any testimony impeaching Watson's was introduced.

The jury found for the plaintiff, and assessed the value of the horse at one hundred and thirty dollars.

The various rulings of the court, to which exceptions were reserved, are here assigned as error.

JAMES M. WHITEHEAD, for appellant.—The complaint was defective, and the demurrer should have been sustained. The question asked Watson was legal and should have been allowed. It was simply laying the predicate to contradict him. The deed of gift was not competent testimony, because it shows on its face that the property attempted to be conveyed to Frances Watson was her separate estate before its execution, hence the deed was evidence of nothing except that the property described in it was the separate estate of Frances Watson; this renders the appointment of Flournoy as trustee a nullity, and the suit should have been brought in her own name.

J. E. P. FLOURNOY, and W. D. ROBERTS, *contra*.—The action was well brought in the name of the trustee, the husband having made a *bona fide* deed to the trustee for the benefit of his wife.—*Ryan, trustee, v. Bibb et al.*, 46 Ala. 323. In detinue, as in trover, the plaintiff may recover the value of the property during the detention.—*Freer et al. v. Cowles et al.*, 45 Ala. 314.

BRICKELL, C. J.—No objection was made in the circuit court to the substitution of a complaint, nor does it indeed appear otherwise than as matter of inference from a memorandum in the transcript, which may have been an indorsement on the complaint that there was a substitution. If it was intended to revise the action of the court in allowing the substitution, if it was allowed, the facts ought to have been entered of record. We cannot, on a mere inspection of an affidavit found in the record, not shown to have been brought to the notice of the court, or acted on by it, presume there was a substitution, and such affidavit the only evidence on which it was allowed.

The demurrer to the complaint was not well taken. It is not wanting in certainty, but discloses that the plaintiff, as trustee of a married woman, claims a horse *in specie*, it is averred the defendant detained from him. Nor does it appear from the complaint the suit should have been in the name of the married woman. There is nothing indicating the property sued for is her statutory separate estate, and it is only for the *corpus* of such estate she is required to sue in her own name.

The declarations of Watson, the husband, were properly rejected as evidence. It was not shown they were made prior to the deed under which plaintiff claimed, and consequently they ought not to have been received.

The deed from Watson to the plaintiff, conveying the horse sued for, and other property, was properly received in evidence. If there is any force in the specific objection made to it, that it was a contract between husband and wife, the objection was not true in point of fact. The wife is not a party to the deed. The only parties are the husband and the trustee, the plaintiff.

The record from Florida was not certified by the judge of the court in which the proceedings embodied in it were had, and was for this reason properly excluded. The certificate of the judge conforming to the act of congress, (R. C., p. 86), is essential to the authentication of a record of judicial proceedings from a sister State.

The deed recites the husband had received moneys and personal property, the statutory estate of the wife, which he had used in the purchase of property, real and personal, taking title to himself. For the protection of the wife, it purports to be made. If the husband could properly have invested money, the corpus of the wife's statutory estate, in the purchase of property, taking the title to her, making the purchase in his own name and taking title to himself, the wife had the equity of every *cestui que trust* to pursue the funds, and either to take the property or to charge it with the payment of the money employed in its purchase.—*Marks v. Cowles*, 53 Ala. 499. This right is strictly equitable, and can be asserted only in a court of equity. Until it is asserted, the husband has the legal title, which he may transfer, and his transferee, if not a *bona fide* purchaser without notice, takes it charged with the equity. The statute which requires the wife to sue alone at law, when the suit relates to her separate estate, has no application to equities of the wife, nor to a separate estate created by deed, and not by the statute.—*Bolling v. Mock*, 35 Ala. 727. The charges given, except that referring to the measure of recovery, were correct in this view.

The charge as to the measure of recovery, is not strictly correct. In detinue, as in trover, the jury may assess the highest value of the property, at any time between the commencement of suit and the trial, but they are not bound to do so.—*Johnson v. Marshall*, 34 Ala. 521. The charge as given, however, did not injure the appellant, as it appears the value assessed by the jury was not the highest the evidence would have warranted.

It does not appear from the bill of exceptions there was any evidence contradictory of the evidence of the witness Watson or assailing his credibility. The charge asked in

reference to the weight of the testimony of a witness discredited was therefore abstract.

The judgment must be affirmed.