# Wheeler *v.* Walker and Wife.

### *Action against Husband and Wife, for Price of Necessaries.*

1. *Conveyances of land; governed by what law.*—Conveyances of real estate, as to their validity, operation, and construction, are governed by the *lex rei sitæ*.

2. *Wife's statutory separate estate ; how created ; liability for necessaries ; evidence as to nature of estate.* —Under a deed executed in this State, by which lands are conveyed to a married woman, the estate granted not being other- wise limited by the terms of the deed, the lands become a part of her statutory separate estate (Code, §§ 2705-11), and subject to all the incidents and lia- bilities imposed by law on that estate ; and when an action at law is brought against her and her husband, to enforce such statutory liability, evidence can not be received to change the character of her estate, although it might be ad- missible, in a court of equity, to show that the consideration was money be- longing to her separate estate by contract.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. W. B. WOOD.

This action was brought by Joseph Wheeler, against William Walker and his wife, Mrs. Mary F. Walker; and was commenced on the 25th June, 1875. The cause of action was the price of goods sold and delivered by the plaintiff to the defendants, during the years 1871, 1872, and 1873, which were alleged to be articles of comfort and support of the defendants' household, for which the husband would be responsible at common law; and the plaintiff sought to reach and subject to the satisfaction of his demand certain lands, which were particularly described in the complaint, and which were alleged to belong to the statutory separate estate of Mrs. Walker. The record does not show what pleas were filed. " On the trial," as the bill of exceptions states, " the plaintiff introduced in evidence certain deeds, dated since the year 1869, conveying to Mrs. Mary F. Walker, one of the defendants, the lands described in the complaint; said deeds being duly attested, acknowledged, and recorded in the office of the probate judge of said county of Lawrence, in which county said lands are situated, within twelve months from the date of their execution." These deeds were—1st, a deed from C. C. Swoope and wife, dated 30th March, 1870, conveying a tract of land to Mrs. Walker, in consideration of $2,000 paid in cash, and several notes of herself and her husband; 2d, a deed from said Swoope and wife, conveying a tract of land to Mrs. Walker, in consideration of $400 in hand paid, and alleged to have been paid by Mrs. Walker " out of her statutory separate estate;" and, 3d, a deed from said Swoope and wife to Mrs. Walker, for another tract of land, in consideration of $800, alleged to have been paid by her out of her statutory separate estate. " William Walker, one of the defendants, was then placed on the stand, and, after testifying in reference to the items of the account, the defendant, Mary F. Walker, offered in evidence, against the objections of the plaintiff, a certain paper writing, purporting to be an antenuptial contract between said William and Mary F. Walker, which had never been recorded, and of which the plaintiff had no notice before the same was offered in evidence." This contract was executed in Glasgow, Scotland, and was dated the 20th February, 1864. By its terms, Mrs. Walker reserved to herself all the property which she then possessed, " with full power to herself to act and transact generally, in the same manner, and as fully and freely in all respects, as if she had remained unmarried;" " to the continued and total exclusion of the *jus mariti*, and all and every other right or title on the part of the said William Walker." " No evidence was offered,"

the bill of exceptions recites, "as to what the laws of Scotland were upon that, or upon any other subject; and no evidence was offered to show that, by the laws of Scotland, said settlement would shield the wife's property from the debts of her husband, or any of his debts." The court admitted this settlement in evidence, against the objection of the plaintiff, on proof of its execution by the contracting parties; to which the plaintiff excepted. "Said William Walker then testified, that the property mentioned in said paper was sold, and that the money proceeding therefrom was used to purchase the said lands described in the complaint and in said deeds; to all of which evidence the plaintiff objected, and excepted to the ruling of the court in allowing it to go to the jury."

"The court charged the jury, that the deed is the law of the case, unless the terms of the deed are contrary to some well-defined principle of law, and equity will follow up the fund when it is in the hands of third persons; but, when it is in the hands of the parties themselves, a court of law may ascertain its true *status;*" also, "that said ante-nuptial contract creates in Mrs. Walker a separate estate by contract, and the same title that she acquired where it was executed follows the property when brought into this State; and that being a separate estate created by contract, it was not a statutory separate estate under the laws of Alabama, nor liable for necessaries furnished the family, suitable to their condition in life; and therefore, in this case, no verdict can be rendered against Mrs. Walker, or her estate." To each of these charges the plaintiff excepted, and he now assigns them as error, with the rulings on the evidence above stated.

Jos. WHEELER, for appellant.

R. O. PICKETT, *contra.*

BRICKELL, C. J.—The deeds from Swoope are made directly to Mrs. Walker, were executed here, and convey lands situate in this State. The *lex rei sitæ* controls conveyances of real estate, determining their validity, operation, and construction. The estate granted, not being otherwise limited by the terms of the conveyances, by force of the statute, which declares "all property of the wife, held by her previous to the marriage, or which she may become entitled to after the marriage, in any manner, is the separate estate of the wife," became and was a statutory separate estate, with all its incidents and liabilities, as distinguished from the equitable separate estate of a married woman, as known and recognized by the law prevailing when the statute was enacted, and

which may now be created when such is the intention of the parties, and there is a clear unambiguous expression of the intention.—*Short v. Battle*, 52 Ala. 456.

It may be conceded, for the purposes of this case (and any examination or consideration of the question is therefore unnecessary), that according to the laws of Scotland, the domicile of the parties at and subsequent to the marriage, and the place of the contract, the ante-nuptial settlement or contract, into which Walker and his wife entered, excluded the husband from all right and interest in the property of the wife, and from all her subsequent acquisitions, the fruits of the property on which the settlement operated. It may be further conceded, that the purchase-money of the lands, being either of the *corpus*, or acquisitions from the *corpus*, of the property on which the settlement operates, a trust would arise or result to Mrs. Walker, to compel the legal estate in the lands to be settled in the same manner, and according to the terms of the ante-nuptial settlement; and thereby her estate would be equitable, not statutory, and incapable of subjection by legal remedies to liability for her own contracts, and to the legal liability of the statutory estate for necessaries for her family, whether they were purchased by her or her husband. We do not consider this question, and abstain from all expression of opinion in reference to it. A court of law is incapable of recognizing or enforcing such trusts, or of giving to the conveyances to Mrs. Walker any other operation or effect than such as their terms import. These create in her a statutory estate, liable to be subjected to contracts for articles of comfort and support of the household, and for tuition of the children of the wife, suitable to the degree and condition in life of the family, which can be enforced by an action at law against the husband and wife.—Code of 1876, § 2711. Such liability is an incident of the estate created by the conveyances of Swoope, of which the estate cannot, in a court of law, be stripped by evidence of a trust resting in parol or springing out of the consideration on which they are founded. Such trusts it is the office of a court of equity alone to recognize and enforce.—*Morris v. Haney*, 4 Ala. 300; *Puryear v. Puryear*, 16 Ala. 486; *Bolling v. Mock*, 35 Ala. 727.

In admitting the ante-nuptial contract as evidence; in the admission of evidence that the purchase-money of the lands paid Swoope was derived from a sale of the property on which the contract operated, and in the instructions given the jury, the Circuit Court erred. Let the judgment be reversed, and the cause remanded.