# Hurst *v.* Thompson.

*Unlawful Detainer.*

1. *Statutory separate estate; wife may bring unlawful detainer in her own name.*—Under section 2892 of the Code of 1876, an action of unlawful detainer for the recovery of the possession of land belonging to the statutory separate estate of a married woman, may be brought in the name of the wife alone.

2. *Unlawful detainer; recovery of rents a mere incident.*—The recovery of rents in an action of unlawlul detainer, is a mere incident of the action, and not the foundation of it.

APPEAL from Macon Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action of unlawful detainer brought by Mary W. Thompson, the appellee, a married woman, against A. L. C. Hurst, the appellant, for the recovery of the possession of certain lands described in the complaint. The cause was brought to the Circuit Court by appeal from the judgment of a justice of the peace, and was there tried *de novo.* The judgment entry shows, that the appellant pleaded " coverture and not guilty," and that upon these issues the cause was tried ; but the pleas are not set out in the record. On the trial it was shown that the appellee was a married woman at the time the suit was brought, and that the lands described in the complaint belonged to her as her statutory separate estate. The evidence also showed an unlawful detainer by the appellant. The appellant asked the court in writing to charge the jury, in substance, that if they believed from the evidence, that the appellee at the time the suit was brought, was a married woman, and the lands described in the complaint belonged to her as her statutory separate estate, then the husband was entitled to the possession thereof, and he alone could maintain this action, and that, therefore, she could not recover. The court refused to give the charge, and the appellant excepted. The appellee recovered a judgment, from which this appeal was taken, and the appellant here assigns as error the rendition of the judgment, and the refusal of the court to give the above charge.

WADDY THOMPSON, W. C. MCIVER and WATTS & SONS, for appellant.

ABERCROMBIE & GRAHAM and BREWER & BREWER, *contra.*

(No briefs came to the hand of the reporter.)

SOMERVILLE, J.—The only question raised by the record is, whether an action of unlawful detainer can be properly brought in the name of the wife, where the premises sought to be recovered belong to her statutory separate estate. We are clearly of opinion that it can. Section 2892 of the present Code provides that " husband and wife must be joined, either as plaintiffs or defendants, when the wife has an interest in the subject matter of the suit, unless the suit *relate to her separate estate,* when she *must sue,* or be sued

[Hodnett v. The Central R. R. and Banking Co. of Georgia-]

*alone."* It has been said by this court that "the statutory proceeding ior an unlawful detainer is but a substitute for the common-law remedy by ejectment."— *Lomax v. Spear,* 51 Ala. 532. It is true that the action is designed to redress a wrong done to the actual existing possession, and to protect such possession against unlawful invasion by affording a speedy and summary restitution, and the merits of the title can not be investigated or brought into dispute.—Code, §§ 3697, 3704; *Womack v. Powers,* 50 Ala. 5; *Clark v. Stringfellow,* 4 Ala. 353; *Dwine v. Brown,* 35 Ala. 596; *Russell v. Desplous,* 29 Ala. 308. But the fact that the action is possessory in its nature does not affect the question. The possession of the husband is that of a mere trustee, with limited statutory rights and responsibilities, and is in law merely the possession of the wife.—*Robison v. Robison,* 44 Ala. 227. The suit *relates to* her separate estate, within the meaning of the statute, just as fully as an action of ejectment would. Forbidding the title to be controverted makes it none the less so, and the recovery of rents is a mere incident of the action, and not the foundation of it as in a separate action for mesne profits on rent it would be.—*Pickens v. Oliver,* 29 Ala. 528; Code, §§ 2892, 3709.

Affirmed.