# Vancleave *v.* Wilson.

*Bill in Equity by Wife to have vacated and set aside Conveyance of the Homestead.*

1. *Duress practiced by husband on wife; when wife can not maintain bill to set aside conveyance obtained by.*—A bill in equity can not be maintained by a married woman to vacate and set aside a conveyance of the homestead, on the ground of duress practiced upon her by the husband in obtaining her signature to the conveyance, when the vendee is a purchaser for value, and was not privy to, did not connive at, or participate in, or have any notice of the duress.

2. *Same; interest of wife in homestead.*—The title to the property and the right of homestead being in the husband at the time of the conveyance, the wife has no such interest in the homestead, during the husband's life-time, as would authorize her alone to maintain such a bill, even were the interposition of equity otherwise justifiable.

3. *Conveyance of the homestead; acknowledgment by the wife.*—A conveyance of the homestead, invalid by reason of the defective acknowledgment of the wife, her voluntary assent and signature thereto not having been certified in conformity to the statute touching the conveyances of homesteads, may be rendered valid, and the defect cured, by a subsequent acknowledgment by her, made and certified as required by the statute, the rights of third parties not intervening.

4. *Judgment in unlawful detainer; injunction against.*—A vendor, having, after the execution of the conveyance leased the land conveyed from the vendee, can not, while he retains possession under the lease, dispute the vendee's title, although the conveyance executed by him may be void; nor can he enjoin a judgment in unlawful detainer obtained against him by the vendee for the recovery of the possession of the land, without showing special grounds of equitable intervention.

APPEAL from St. Clair Chancery Court.

Heard before Hon. N. S. GRAHAM.

As originally filed, this was a bill in equity by John M. Vancleave and Elizabeth F. Vancleave, his wife, against John C. Wilson, and Susan Wilson, his wife, seeking, among other things, to have vacated and set aside an absolute conveyance of a homestead, executed by the complainants, and to enjoin a judgment obtained in unlawful detainer against John M. Vancleave, before a justice of the peace, for the recovery of the land in question. A demurrer interposed to the bill by the defendants having been sustained by the court, the bill was amended by striking out the name of John M. Vancleave as a party complainant, and making him a party defendant. The case made by the record sufficiently appears from the opinion.

[Vancleave v. Wilson.]

On the hearing, had on pleadings and proof, the chancellor was of the opinion, that the appellant was not entitled to relief, and caused a decree to be entered, dismissing the bill; and that decree is one of the assignments of error here made.

HAMES & CALDWELL, and WATTS & SONS, for appellant.

JOHN W. INZER, contra.

SOMERVILLE, J.—The decisions of this court settle the principle, that where an instrument is procured to be executed by *duress*, and the mortgagee or other purchaser for a valuable consideration does not participate in such wrongful act, and has no notice of it, the validity of the conveyance is in no wise affected or vitiated.—*Moog v. Strong*, 69 Ala. 98. And it has been expressly held that this principle holds equally well, when applied to the case of duress practiced by a husband upon his wife in obtaining her signature to a conveyance which is invalid without it.—*Rogers v. Adams*, 66 Ala. 600 ; *Moses v. Dade*, 58 Ala. 211 ; *Cahall v. Building Association*, 61 Ala. 232.

The evidence here shows that the vendee of the property in question was a purchaser for value, and that neither she, nor her husband, who acted as her agent in taking the deed of November 20, 1878, was privy to, connived at, participated in, or had any notice of the alleged duress. Under the principle above stated, this fact was fatal to the equity of the bill, and there was no error in dismissing it.

It may be true, as argued, that the deed as first executed was invalid by reason of the defective acknowledgment of the wife, her voluntary assent and signature not having been certified by the justice in conformity to the statute touching the conveyance of homesteads. But a new acknowledgment was made to cure this defect, and, being properly certified, legally operated to do so. Whether it related back to the date of the original delivery of the deed, or was only operative as a new delivery from the date of the last certificate—a point on which our decisions do not entirely harmonize—is immaterial.—*Cahall v. Building Association*, 61 Ala. 232, *supra ;* *Balkum v. Wood,* 58 Ala. 642. It is sufficient that the vice of the first acknowledgment was cured before the present bill was filed, and no question is raised as to the intervening rights of any third person.

There is yet another objection to the equity of the bill. As amended, it is a bill filed by the *wife alone*, for the purpose of setting aside a conveyance of the homestead made by husband and wife, on the alleged ground of duress practiced on her,

[Vancleave v. Wilson.]

and upon the further ground that the conveyance was void for want of the proper certificate of acknowledgment. It is manifest that the wife had no such interest in the property as would authorize her to sue alone in such a case, even were the interposition of equity otherwise justifiable. The title of the property and the right of homestead are both in the husband, not in the wife. She may exercise a veto power upon his right of alienation, and may enjoy the privilege of co-occupation by his permission, but during the husband's life she possesses no property in the premises, certainly none which would authorize her to file a bill in her own name to remove a cloud from the title.—*Dooley v. Villalonga*, 61 Ala. 129; *Long v. Mostyn*, 65 Ala. 543; *Fellows v. Lewis*, 65 Ala. 343; *Jones v. De Graffenreid*, 60 Ala. 145; *Holly v. Flournoy*, 54 Ala. 99.

There was no error in the decree of the chancellor sustaining the demurrer to the bill as originally framed. John M. Vancleave, the husband of appellant, was at first made co-complainant with her in the suit, but his name was stricken out by amendment during the progress of the cause, and he was made one of the defendants to the bill. He had become the tenant of Wilson after making the deed in controversy, having rented the premises from the latter. Upon the expiration of the lease, which was for one year, a judgment in unlawful detainer had gone against him, as lessee, before a justice of the peace, and the bill seeks, among other things, to enjoin this judgment. Conceding that the deed of conveyance to Mrs. Wilson was void, and that John M. Vancleave held the undisputed legal title to the premises in question, a judgment against a lessee in unlawful detainer can not be enjoined without special grounds of equitable intervention, such as are nowhere averred in the present bill.—*Abrams v. Watson*, 59 Ala. 524; *Hamilton v. Adams*, 15 Ala. 596; *Turnley v. Hanna*, 67 Ala. 101. He had gone into possession of the premises, or at least had retained possession of them as the tenant of Mrs. Wilson; and he could not be permitted to deny the relationship, or dispute the title of his landlord without first surrendering the possession.—*Norwood v. Kirby's Adm'r*, 70 Ala. 397. This is upon the clearest principles of *estoppel*.

We see no error in the rulings of the chancellor, and his decree must be accordingly affirmed.