# Wortham *v.* Gurley.

## *Detinue.*

1. *Husband and wife ; when property purchased by husband, wife's statutory estate.*—A purchase of personal property by the husband, in the name of the wife, and for her benefit, creates in her a statutory, and not an equitable separate estate, although the purchase-money is paid from his own means, as a gratuity.

2. *Same ; when wife should sue alone.*—An action of detinue for the recovery of personal property belonging to the *corpus* of the wife's statutory separate estate, is properly brought in the name of the wife alone.

3. *Detinue ; when can be maintained on prior possession.*—As against a mere wrongdoer, and those claiming under him, detinue may be maintained on proof of prior possession.

4. *Possession ; when referred to the title.*—The possession of personal property by a tenant in common, in full recognition of the rights of his co-tenant, is the possession of the co-tenant; and possession by the husband, or by the husband and wife jointly, of personal property belonging to the wife's statutory separate estate, is her possession.

5. *When seller of personal property and those claiming under him estopped from denying title in him at time of sale.*—Where one in possession of personal property represented that, as partner, he owned an undivided half interest therein, and a sale of the property was effected on the faith of such representation, the purchaser parting with value in the belief of its asserted truth,—*held*, in an action of detinue by the purchaser and the owner of the *other* half interest, against parties claiming under the seller, for a recovery of the property, the possession of which had been forcibly obtained by the seller after the sale, and by him transferred to the defendants, that he was estopped from denying that, at the time of the sale, he held the legal title to the interest which he sold; and that this estoppel was binding on the defendants.

6. *Verdict ; form of may be corrected by the court.*—While the court can not dictate to a jury the verdict they should return, it may, after the verdict has been returned, direct them to put it in proper form, and, to this end, may instruct them as to what that form should be.

7. *Detinue; time when value of property to be assessed.*—In detinue, the jury may assess the value of the property taken at any time between the wrongful taking and the trial.

8. *Same ; rule for assessment of damages.*—The damages required to be assessed in detinue for the detention of the property, includes any deterioration in the value of the property, occasioned by the fault of the wrongdoer, through neglect, abuse or non-use, during the time of its detention.

9. *Detinue by wife to recover statutory estate ; right of recovery not affected by removal from the State.*—In detinue by a married woman, to recover property belonging to the *corpus* of her statutory separate estate, her right of recovery is not affected by the fact, that, at the time the suit was commenced, she and her husband had removed from, and were non-residents of the State.

APPEAL from Madison Circuit Court.

Tried before Hon. H. C. SPEAKE.

[Wortham v. Gurley.]

This was an action of detinue, brought by Frank B. Gurley and Emma H. Stewart against Larkin A. Wortham and others; and it was commenced on 26th May, 1874. The defendants pleaded, "in short by consent, the general issue, with leave to give in evidence any matter which, if specially pleaded, would be a good plea in bar." The cause was tried in February, 1882, the trial resulting in a verdict and judgment for the plaintiffs. As shown by the evidence, Emma H. Stewart was, in and prior to the year 1873, and at the time of the trial, a married woman, the wife of B. R. Stewart; but the fact of coverture is not disclosed by the complaint.

The evidence introduced on behalf of the plaintiffs tended to show that, in the fall of the year 1873, B. R. Stewart purchased the property in controversy from Frank B. Gurley; not for himself, however, but for his wife, or for the firm of Hewlet & Co., of which, as she claimed, and as the plaintiffs' evidence tended to show, she was a member; but whether he purchased for her individually, and she afterwards sold to the firm, or for the firm in the first instance, is not clear; that said property went into, and continued in the possession of Thomas G. Hewlet, of said firm, and was by him used and operated, for and on behalf of the firm, for two or three months, when he, with the knowledge and consent of Mrs. Stewart, sold his interest therein to Frank B. Gurley, who was, in pursuance of the sale, placed in possession of the property by Hewlet; that said Gurley, for himself and Mrs. Stewart, held possession of said property, using and operating it, for about twenty days, when Hewlet forcibly took possession of it in the night-time, and afterwards conveyed it to the defendants, who were his creditors, and who were in possession when this suit was brought. The evidence also showed that the contract of purchase under which Hewlet & Co. claimed title was not in writing; and that after such purchase, but prior to the institution of this suit, Mrs. Hewlet and her husband went to Arkansas; whether they went there with the intention of returning, or with the purpose of changing their domicil to that State, is not clear; the evidence being in conflict on that point. The defendants' evidence tended to show, *inter alia*, that Mrs. Stewart was never a member of the firm of Hewlet & Co., but that her husband was; and that she had no interest in the property sought to be recovered in this action.

Among other things, the court charged the jury, *ex mero motu*, "that the coverture of the plaintiff, Emma H. Stewart, could only be interposed as a defense by plea in abatement duly verified; and that although they might find from the evidence, that, at the institution of this suit, she was the wife of B. R. Stewart, and that her estate in the property sued for in this

action was her common law or equitable estate, this defense would not be available to the defendant under the general issue." The court gave the following charges at the plaintiffs' written request : (1) " If the jury believe from the evidence, that Stewart purchased the property from Gurley, as the agent for his wife, and on her account, and at the date of such purchase, and when this suit was brought, Stewart and his wife were citizens of the State of Alabama, although they may have been, when this suit was brought, in Arkansas; and, at the time Hewlet took possession of the property [from Gurley], Gurley was in actual possession, holding and operating it for himself, and as the agent of Mrs. Stewart, and that Hewlet so took and thereafter held possession without the consent of the plaintiffs ; and that Hewlet, before so taking possession, had sold his interest to Gurley, and had received from Gurley his written obligation, and delivered possession of the property to Gurley, in pursuance of the sale to him : and that Hewlet, while so in possession, sold and delivered possession of the property to the defendants before the institution of this suit, and they thereafter held it as their property under said purchase from Hewlet, without the consent of the plaintiffs, then such possession by the defendants would be unlawful, and the jury would be authorized to find for the plaintiffs." (2) " The jury are not limited to any precise point of time in fixing the value of the property, but may locate it at any time between the commencement of the unlawful detention and the trial." (3) " It is for the jury to determine, from all the evidence in the case, the value of the property and the damages to be awarded the plaintiffs for its unlawful detention ; and in estimating such damages, the proper basis is the value of the use or hire of the property during its detention, and the deterioration in the value of such property from neglect, abuse or non-use." The court refused to give the following, among other charges requested in writing by the defendants : (1) " If the jury find from the evidence, that the property sued for was sold by Frank B. Gurley to the plaintiff, Emma H. Stewart, in such manner as to create a statutory separate estate, then the said Emma H. Stewart could only part with her interest, or any part thereof, in said property by instrument in writing, signed by her and her husband, B. R. Stewart, and attested by two witnesses; and if they further find that she did not so sell and convey or transfer a one-half interest to Thomas G. Hewlet by such instrument, then her transfer to said Hewlet would be void, and Hewlet's subsequent sale, if he made one, to Frank B. Gurley, would convey no interest to him, and their verdict must be for the defendants." (2) " So, if Gurley transferred the entire property to Mrs. Stewart as a statutory separate

[Wortham v. Gurley.]

estate, and if he received his title from her through Hewlet, and such title was not transferred by a written instrument attested by two witnesses, Gurley has no title, and the jury must find for the defendants." (3) In substance, that if the jury find from the evidence, that the property sued for was purchased by B. R. Stewart of Frank B. Gurley for Emma H. Stewart, his wife, and that the same was a gift from Stewart to his wife, then it would be an equitable estate; and if an equitable estate, and the husband had possession at any time during covertnre, then he alone could sue for the wife's interest in said property, and if he did not so have possession, and it was her equitable separate estate, then the husband and wife should sue jointly; and, in either event, the jury must find for the defendants. (4) "If the jury find from the evidence, that at the beginning of this suit B. R. Stewart and his wife, Emma H. Stewart, resided in Arkansas, then their verdict must be for the defendants." (5) "If the jury believe all the evidence in this case, they must find a verdict for the defendants." To the charges given, and to the refusal of the court to charge as requested the defendants excepted.

The jury, after considering the issues submitted to them for several hours, returned a verdict for the plaintiffs, and assessed "their damages at $2000." The presiding judge having told the jury that their verdict was not in form, and having charged them, against the defendants' objection, "as to the proper form of a verdict," the jury again retired to the jury-room. "After the lapse of a few minutes, the plaintiffs moved the court to send a form of verdict to the jury in their room. The court, against the defendants' objection, sent the following form of verdict to the jury-room, and the same was delivered to the jury, to-wit: 'We, the jury, find for the plaintiffs, and assess the value of the property sued for as follows, viz : ———, when taken on the 20th day of January, 1884, at ——— dollars; and assess the damages on the above enumerated property from rust and non-use at ——— dollars. We further assess the plaintiffs' damages for the detention of the property sued for as follows, viz, at ——— dollars, for the hire of the property from January 21st, 1874, up to the 21st day of February, 1882, interest included.' The defendants excepted to the granting of said motion, and also to the action of the court in sending said form of verdict to the jury." The jury afterwards returned a verdict for the plaintiffs, following the above form.

The rulings above noted are among the assignments of error here made.

WALKER & SHELBY, for appellants.

[Wortham v. Gurley.]

HUMES, GORDON & SHEFFEY, *contra*.

SOMERVILLE, J.—The action is one of *detinue*, instituted by the appellees, Gurley and Mrs. Emma Stewart, as co-plaintiffs, for sundry articles of personal property appurtenant to the machinery of a saw-mill, claimed by the appellants, who were defendants in the court below.

Mrs. Stewart, one of the plaintiffs, is shown by the evidence to be a married woman, whose husband was still living at the time of the commencement of the suit. The nature of her estate in the property sued for—whether an equitable or a statutory separate estate—is important in determining the question raised as to whether the husband was a necessary party plaintiff. We can discover no evidence in the record which would tend to show in her any other than a *statutory* separate estate. It is shown that her husband purchased the property from Gurley, who was the original owner, and who is now one of the plaintiffs in the action, claiming to be a half owner, or tenant in common with the wife. Whether Stewart purchased for the exclusive benefit of his wife, and as her agent, or for the benefit of the partnership of Hewlet & Co., of which it is claimed Mrs. Stewart was a member, the nature of the wife's estate would be statutory—one created by the statute,—which comprehends all estates acquired in any manner, except such as are rescued from the operation of the provisions of the Constitution and the Code by being made separate by contract of the parties. This can be done only by words indicating an intention to exclude the marital rights of the husband, or by a gift or conveyance made by the husband *directly* to the wife. A purchase from a third person, in the name, or for the benefit of the wife, is insufficient for this purpose, although the husband may furnish the consideration from his own means as a gratuity.— *Williams v. Williams*, 68 Ala. 405 ; *Harris v. Harris*, 71 Ala. 436 ; *Cahalan v. Monroe, Smaltz & Co.*, 70 Ala. 271 ; Code, 1876, § 2705 ; Const. 1875, Art. x, § 6 ; *Lehman v. Meyer*, 67 Ala. 396.

Admitting that the defendant could raise the question of the husband's non-joinder as plaintiff under the general issue, and without a special plea of Mrs. Stewart's coverture, pleaded by way of abatement—a point unnecessary to be decided,—it is obvious that the husband was not a proper party plaintiff. The action relates to the *corpus* of the statutory separate estate of Mrs. Stewart—if she had any estate at all in the property sued for,—and was properly brought in the name of the wife alone, without joining her husband as a co-plaintiff.—*Hurst v. Thompson*, 68 Ala. 560 ; *Pickens v. Oliver*, 29 Ala. 528 ; Code, 1876, § 2892.

[Wortham v. Gurley.]

It is objected that the plaintiff Gurley shows no title to the property in controversy, such as will authorize a recovery by him, and that if he be debarred from recovery, his co-plaintiff is also debarred. It would be a sufficient answer to this to say, that the evidence tends to show that Gurley was in actual possession of these articles of property, and of the premises upon which they were situated, claiming them as the property of himself and Mrs. Stewart by purchase and peaceable tenure, and that Hewlet, under whom the defendants claim, entered upon the premises by force and took possession of the property as a wrongdoer. In such a case, the action of detinue, like that of trover, may be maintained without proof of any general or special property in the goods claimed. The mere possession of the plaintiffs was sufficient evidence of title as against a trespasser or wrongdoer.—*Huddleston v. Huey*, 73 Ala. 215.

There is no pretense that Gurley held possession for himself alone, but for the joint benefit of himself and Mrs. Stewart, in full recognition of her rights as his co-tenant. His possession was, therefore, hers, on the familiar principle that the possession of one tenant in common is also that of his co-tenant.

And the rule that the possession of personal property is *prima facie* evidence of title, or ownership, applies as well to property belonging to the wife as to that owned by any other person. The possession of her property by the husband, or by herself and husband jointly, when it is shown to be her statutory separate estate, is her possession, he being presumed to hold merely in his capacity of statutory trustee, with powers specially defined and strictly limited.—*Patterson v. Kicker*, 72 Ala. 406; *Brunson v. Brooks*, 68 Ala. 249.

But apart from this view, there is another which seems conclusive. When Hewlet was in possession of this property, under the purchase from Gurley, he held it for the firm of Hewlet & Co. He asserted claim to an undivided half interest in it, as one of the partners. When he sold it back to Gurley, he did so upon the representation that he was joint owner, having title to such interest. Gurley bought on the faith of this representation, and parted with value in the belief of its asserted truth. Hewlet, therefore, by his sale to Gurley, having affirmed that he had title, and thereby induced the purchase, can not now be permitted to assert the contrary to the prejudice of one whom he has misled by his deceit. It can avail him nothing in this suit, that he had no good title to the undivided half interest which he claimed, by reason of Mrs. Stewart's failure to execute to him a legal conveyance of her statutory separate estate. There is a clear estoppel, operating to preclude him from denying the truth of his former affirmation. Force is added to this view by the fact that nowhere in this

record does Mrs. Stewart undertake to assail the legal suffi-
ciency of the alleged sale made by her of an undivided half
interest in this property to Hewlet. By uniting as co-plaintiff
with Gurley, in this action, she, on the contrary, solemnly
affirms its validity. Hewlet, therefore, can not assail it. As
we have said, he is estopped by his previous conduct, and this
estoppel binds the defendants, who are his privies in estate, and
whose possession, derived from him through his tortious
seizure, is equally wrongful with his own.

There was nothing objectionable in the action of the court
putting the verdict of the jury in proper form after they had
returned it. There was no change in the amount of recovery,
or in the substance of the verdict, which remained unaltered.
It was a correction in form only.—*Ewing v. Sanford,* 21 Ala.
157 ; *Hughes v. The State,* 12 Ala. 458. There is an obvious
difference between dictating the substance of a verdict to a
jury before they retire for deliberation, and merely correcting
the form of a verdict after its rendition in open court.

The rule declared by the court as to the proper measure of
damages was free from error. In detinue, as in trover, it is
permissible for the jury to assess the value of the property
taken at any time between the date of the tort and the trial.
Otherwise a *tort-feasor* might often reap pecuniary profit from
his own wrongful act by a mere retention of the property sued
for after judgment against him.—*Johnson v. Marshall,* 34 Ala.
522 ; *Holly v. Flournoy,* 54 Ala. 99.

In our opinion the court also properly instructed the jury,
that the damages required to be assessed for the detention of
the property included any *deterioration* in its value occasioned
by the fault of the wrongdoer, through neglect, abuse, or non-
use, during the period of detention. This injury is shown to
have resulted from the tortious act of seizure and detention as
its natural and proximate cause, and was a legitimate element
of damage in addition to the value of rent or hire. This is
the rule adopted in *Freer v. Cowles,* 44 Ala. 314, and is gen-
erally supported by authority.—*Allen v. Fox,* 51 N. Y. 562 ;
*Zitzke v. Goldberg,* 38 Wis. 216 ; 2 Sedgw. Dam. (7th Ed.) 424,
*note* a. The rule, as observed by Mr. Sutherland in his recent
work on damages, does not include any compensation for the
wear and depreciation *naturally* consequent upon the use of
the property ; but "if the defendant, by his wrongful conduct,
has deteriorated the property, or a loss on its value has proxi-
mately and with certainty resulted from the wrongful deten-
tion, that should be recovered for, in addition to the value, in
order to give the owner full indemnity."—3 Suth. Dam. pp.
546, 541, 547. This we deem to be the correct rule, and a
proper construction of the statute, which requires the jury to

[Seals v. Robinson & Co.]

assess not only the value of the property, but "damages for its detention."—Code 1876, § 2944. The mere recovery of the property, in its depreciated condition, which the plaintiff has no option to refuse, with the value of its hire or rent during detention, would manifestly be incommensurate with the rule of adequate compensation, which is a fundamental principle in the law of damages.

The question of parties to this action can not be affected by the fact, that Mrs. Stewart and her husband may have become non-residents of Alabama at the time it was commenced. The wife was resident here when she acquired title to the property. It was her statutory separate estate, created by the laws of Alabama, operating upon a contract of sale made in this State. No law of any foreign State or jurisdiction could influence it. The law of this State—the *lex fori*—must govern under these circumstances as to all forms of remedies and modes of proceeding adopted in legal actions pertaining to it.—*King v. Martin*, 67 Ala. 177; Story's Confl. L., § 556; *Judge v. Wright*, 73 Ala. 324; 3 Parson's Contr. *588.

The rulings of the circuit court present no errors prejudicial to the appellants, and the judgment must be affirmed.