Lucy H. Brooks, by her next friend, W. L. Nugent, *v.* H. F. Shelton et al.

1. Resulting Trust.　*Purchase on credit.　General rule.*
    The investment of one person's money in land, the title to which is made to another, creates a resulting trust only when the money is advanced, or agreed to be advanced, at or before the purchase.

2. Same.　*Code 1871, § 1779.*
    The statutory right conferred upon the wife by § 1779 Code 1871, differing from the ordinary resulting trust, may be asserted whenever her means, whether received by her husband before or after the purchase, have been invested in property the title to which is made to him.

3. Same.　*Limitation in favor of creditors.*
    The qualification to § 1779, avoiding the trust as to the husband's creditors, who, without notice, contract on the faith of his possession, protects not only those who give credit on the basis of the specific property, as erroneously held in *Butterfield* v. *Stanton*, 44 Miss. 15, but also general creditors who trust to the husband's apparent ownership.

4. Same.　*Presumption.*
    In cases where it is doubtful whether the credit was on the faith of the husband's property or that which equitably belonged to the wife,

*quære*, is it presumed to have been on all of which the husband was apparent owner, or may it be shown to have been on some other basis?

5. SAME.    *Case in judgment.*

    A husband, who owned no property but that of which he was equitably trustee for his wife, held high position, engaged extensively in planting and merchandise, and bought property in his own name, on which he gave mortgages, and in relation to which he prosecuted suits. This continued for fifteen years, and neither he nor his wife did any thing to advise the public of her secret rights, but the contrary. *Held*, that the wife could not assert her equity against her husband's judgment creditors, whose indebtedness accrued while he held the legal title to the property.

APPEAL from the Chancery Court of Rankin County.

Hon. T. B. GRAHAM, Chancellor.

*George W. Brooks*, for the appellant.

The property, having been purchased with the means of the wife, is held by the husband as trustee for her use, and is not subject to his general creditors. 4 Kent Com. 335; 2 Story Eq. Jur. § 1201; *McCarroll* v. *Alexander*, 48 Miss. 128; *Runnels* v. *Jackson*, 1 How. (Miss.) 358; *Capers* v. *McCaa*, 41 Miss. 479; *Butterfield* v. *Stanton*, 44 Miss. 15; *Burks* v. *Loggins*, 39 Miss. 462; *Gibson* v. *Foote*, 40 Miss. 791; *Gee* v. *Gee*, 32 Miss. 190.

*W. L. Nugent*, on the same side, cited Ground and Rudiments of Law and Equity, 75; 1 Story Eq. Jur. § 64; 10 Wall. 89; 10 S. & M. 486; 44 Miss. 16; Story Eq. Pl. § 40 *et seq.*; *Atwood* v. *Meredith*, 37 Miss. 635; *Simmons* v. *North*, 3 S. & M. 67; *Money* v. *Dorsey*, 7 S. & M. 15; *Walton* v. *Hargroves*, 42 Miss. 18; *Foute* v. *Fairman*, 48 Miss. 536, 549.

*Harris & George*, for the appellees, cited *McCarroll* v. *Alexander*, 48 Miss. 128; *Gee* v. *Gee*, 32 Miss. 190; 13 S. & M. 53; *Forsyth* v. *Clark*, 3 Wend. 637; *Heacock* v. *Coatesworth*, Clarke Ch. (N. Y.) 84.

*Mayers & Lowry*, on the same side.

CHALMERS, J., delivered the opinion of the court.

Lucy H. Brooks filed her bill against her husband and sundry of his judgment creditors, for the purpose of enjoining a sale of his property under their judgments, and of establishing her own right to the property levied on.

George W. Brooks intermarried with the complainant in the State of Alabama in 1859. He was a man of little or no means, while she was a lady of wealth. In 1860 they removed to this State, and purchased a plantation in Rankin County, the title to which was taken in the husband's name, though paid for with the wife's means. Two other plantations, a storehouse at Pelahatchie and a residence in Brandon were successively bought and paid for in the same way, the title in each instance being taken in the name of the husband. Frequent litigation sprung up at various times between Brooks and other persons, in which the ownership of the property was incidentally involved, in all of which it was treated as his. It was all assessed in his name; and upon one occasion he filed a bill against the sheriff of the county, enjoining the collection of taxes, in which he was stated to be the owner. A portion of it was once mortgaged by him for the purpose of borrowing money, and Mrs. Brooks formally relinquished dower in it. Some of the friends and acquaintances of the family seem to have been aware, and others to have been ignorant, of the fact, that equitably every thing belonged to the wife. Nothing was done by husband or wife to advise the world at large of the claims of the latter; but, on the contrary, every thing to induce the belief that the husband was the actual as well as the apparent owner. That the title to the property stood in the husband's name was well known to the wife, and was acquiesced in by her, as is said, because she was informed that by the laws of the State she could assert her equity at any time. Matters having stood in this way for fifteen years, and the judgments here sought to be enjoined having been recovered, upon indebtedness incurred by Brooks while clothed with the legal title to all the property, the question presented is, whether, as against these judgment creditors, the equitable rights of the wife can be asserted.

It appears from the evidence in the case that in every instance the real estate, which is the property here involved, was bought either wholly or partially on a credit; the notes of the husband having been given and subsequently liquidated with the wife's means. It is, therefore, insisted on behalf of the creditors, that inasmuch as it is essential to the creation of

a resulting trust that the means of the party asserting it should have been advanced, or agreed to be advanced, at or before the date of the purchase, and that where this has not occurred no subsequent payment of the notes can raise the trust, the bill in this case cannot be maintained. The principle is undoubtedly sound ; and, if this is to be regarded as an ordinary bill, seeking to set up a resulting trust by reason of the investment of the money of one person in lands the title to which has been taken in the name of another, it cannot be sustained. We do not, however, so regard it. When the statute, Code 1871, § 1779, declares that " if the husband shall purchase property in his own name with the money of the wife, he shall hold the same only as trustee for her use," it confers upon the wife a statutory right to enforce a trust quite different from that resulting trust to which without the statute she would be entitled under the general principles of equity jurisprudence. It gives her the power as against him to assert her rights whenever she can show that her means have, under any circumstances, been invested in the property; and it will be wholly immaterial whether his reception of the money preceded or succeeded the purchase. The shape which the transaction assumes is a matter of no consequence. The principle is, that he shall not take advantage of that possession of her property which he obtained by the marital relation, in order to impoverish her and enrich himself. Whenever, therefore, she can establish that property standing in his name was paid for by her money, she has the right to invoke the aid of a court of equity for the assertion of that trust which the statute has created in her behalf.

The wise framers of this statute perceived that this unlimited though beneficent right conferred upon the wife might work grievous injustice to those who had traded with the husband upon the faith of his apparent ownership of the property standing in his name, and they therefore qualified the section above quoted by adding to it the words, " but such trust shall be void as against creditors of the husband who contracted or gave credit in consequence of the possession of such property, without notice of the trust." What is the meaning of this limitation upon the rights of the wife ?

In *Butterfield* v. *Stanton*, 44 Miss. 15, 26, it was declared (Simrall, J., taking no part) that, in order for the creditor of the husband to obtain any benefit from this provision of the law, the credit must have been extended in consequence of the particular property claimed by the wife; that the contract of credit ought, therefore, to be based upon it; and it ought, in some way, to be defined or distinguished by the parties at the time of the credit. " It should be definitely made to appear that the possession of the particular property was the occasion of the credit. . . . The property, therefore, at the time of the contract should be made the basis between the parties of the credit, so as to distinguish it from the claim of ordinary creditors." The meaning of this seems to be that the creditor cannot defeat the wife's trust, unless he has either an express or an equitable mortgage upon the particular property sought to be subjected; that it will not be enough that the credit has been extended by reason of the apparent ownership on the part of the husband of all the property standing in his name, but that there must have been some specific agreement at the time that some particular piece of property should be bound for it, or, at least, that attention should be called at the time the credit is extended to the husband's ownership of the particular property, and the credit granted in direct consequence of that ownership.

As reluctant as we are to disturb adjudications involving rights so important, we cannot adhere to this construction of the statute in question. It seems to us wholly unwarranted, either by the evil to be guarded against, or by the language of the statute. We believe that the inception of the error fallen into by the court in that decision will be found in the assumption that the statutory trust conferred upon the wife was a mere recognition of her right to enforce, like other persons, a resulting trust, where she could show that her means had been invested in property the title to which had been placed in the husband. The learned judge who delivered the opinion, adverting to the fact that a resulting trust will not ordinarily be defeated, because the apparent owner has contracted general debts while clothed with the legal title to the property, remarks that this statute is " exceptional, and almost penal, as to

the wife, in declaring a trust to her use void, in the contingency stated " in the statute. He therefore holds that it should be strictly construed, and that the creditor must show that his debt was, by agreement, based on the ownership of the particular property sought to be reached.

If the assumption was correct, the argument might be sound ; but, as we have stated above, the statutory trust here established in favor of the wife is wholly distinct from the ordinary resulting trust, and is freed from the technicalities by which that trust is surrounded. It enables the wife at any time to assert her equitable rights against the husband, regardless of the mode or manner in which he has transformed her money into his property. Wisely, therefore, it is enacted that this right shall not be asserted against those who have trusted the husband on the faith of the property. A new right being conferred upon the wife, it is accompanied by a new limitation in favor of third persons. To require the creditor to show that in each case the extension of credit by agreement between himself and the husband was based upon some specific piece of property, is either to nullify the statute, or to demand that in each case there must be a mortgage executed. If the latter had been intended, we think the law-giver would have said so.

Cases may arise where it may be difficult to determine whether the credit was extended in consequence of property really owned by the husband, or upon the faith of that which equitably belonged to the wife ; and such, perhaps, was the case of *Butterfield* v. *Stanton, ubi supra.* Whether in such cases it must be held that the creditor is always to be presumed to have contracted in consequence of all the property of which the husband was the apparent owner, or whether it may be shown that, in point of fact, the credit was extended upon some other basis, it is unnecessary now to consider. George W. Brooks owned no property save that of which he was equitably the trustee of the wife ; and yet, with not a dollar that properly belonged to him (as shown by his wife's bill and his own testimony), he held high position, socially and otherwise, planted extensively, merchandised on a considerable scale, bought various pieces of property in his own name,

executed mortgages on the same, and in his own name and behalf prosecuted suits in relation thereto. Whatever may have been known to a few acquaintances, there was nothing done, either by himself or wife, to advise the public generally of the secret rights of the latter. Under these circumstances, there can be no question that his creditors contracted with him on the faith and in consequence of the property, the legal title to which stood in his name, and that, consequently, his wife has no rights which can be asserted against them. A construction similar to the one here announced was plainly indicated in the case of *Kaufman* v. *Whitney,* 50 Miss. 103, 112, but without alluding to the previous case of *Butterfield* v. *Stanton, ubi supra.*           *Decree affirmed.*