# Higginbotham & Co. v. Clayton & Webb.

## *Trial of Right of Property.*

1. *Court may require jury to correct informal verdict.*—When the jury return an informal verdict, the court may require them to retire again and put it in proper form.

2. *Remission by plaintiff in attachment of portion of his recovery; when claimant can not complain.*—The claimants of property attached can not complain of the action of the court in requiring the plaintiff to remit a portion of his recovery, as the only alternative to granting a new trial, since they can not possibly be injured by it.

APPEAL from Calhoun Circuit Court.

Heard before Hon. L. F. Box.

This was a trial of the right of property in certain designated articles of merchandise, on which an attachment had been levied by Clayton & Webb, and a claim interposed, under the statute, by A. L. Higginbotham & Co. The cause was tried on an issue made up under the statute, the trial resulting in a verdict and judgment in favor of the plaintiffs in attachment. The verdict, as first returned, was in the following words: "We, the jury, find for the plaintiffs the goods specified in the levy, to-wit:" (enumerating the several articles and assessing the value of each) "and ten *per cent.* damages." The court thereupon directed the jury to retire and put their verdict in proper form; which was accordingly done, and the amended verdict received against the objection and exception of the claimants. The claimants moved for a new trial, which

[Ex parte Pearce.]

the court consented to grant " unless the plaintiffs would agree to abandon and allow stricken from the verdict and judgment" certain articles covered by their attachment and the ten *per cent.* damages awarded by the jury. The plaintiffs consented to remit this portion of their recovery and the court overruled the claimants' application for a new trial.

The amendment of the verdict is made the basis of appellants' assignments of error.

CALDWELL, HAMES & CALDWELL, for appellants.

G. C. ELLIS, and J. W. BISHOP, *contra.*

SOMERVILLE, J.—The verdict of the jury, as first returned, was obviously informal. No doubt can be entertained as to the right of the court to direct the jury to again retire with the view of putting their verdict in proper form.—*Hughes v. State*, 12 Ala. 658; *Wortham v. Gurley*, 75 Ala. 356.

The action of the court in compelling the plaintiffs to remit a part of their recovery against the defendant as the only alternative to granting a new trial, could not possibly prejudice the appellants, who were claimants of the property levied on under the plaintiffs' writ of attachment. It was rather a benefit to both themselves and the defendants, resulting in reducing the amount of the judgment for the satisfaction of which the property was liable to be condemned.

We find no error in the record of which the appellants have a right to complain, and the judgment is accordingly affirmed.