# Jones v. The State.

*Indictment for Obtaining Money by False Pretenses.*

1. *Unauthorized discharge of jury operates as an acquittal.*—When a verdict is returned by a jury to the clerk after the court has adjourned for the day, without the consent of the defendant, and the jurors are permitted to disperse to their homes, and the verdict is not entered until next day, it operates as an acquittal of the defendant.

APPEAL from the Criminal Court of Pike County.
Tried before Hon. WILLIAM H..PARKS.

WILLIAM L. MARTIN, Attorney-General, for the State.

HARALSON, J.—The discharge of a jury in a criminal case, without the consent of the defendant, not called for by some pressing necessity, as is held by the uniform current of authorities, operates an acquittal, and bars a future trial. —*11 Amer. & Eng. Encyc. of Law*, 950.

The delivery and recording of a verdict are essential to its validity, because it is not perfected, until recorded.—*4 Amer. & Eng. Encyc. of Law*, 881.

The jury in this case, returned their verdict at night, after the court had adjourned for the day. It was received by the clerk and read, and the jury disbanded and went to their homes. The record does not show that the prisoner was present, but, it does show, that this proceeding was had, without any instructions from the court, and without the consent or sanction of the defendant, or of his attorney. The next day, the judge without more entered on his docket the verdict which had been returned and handed to the clerk the night before.

The discharge of the jury, under these circumstances, was

unauthorized, and operated as an acquittal of the defendant. —*Foster v. State*, 88 Ala. 184.

The judgment of the court below is reversed, and it is ordered that the prisoner be discharged.