[Stewart v. The State.]

# Stewart *v.* The State.

## *Killing Animals.*

(Decided June 14, 1906.  41 So. Rep. 631.)

1. *Criminal Law; Verdict; Polling Jury.*—Either party has the right to poll the jury in a criminal case.

2. *Same; Waiver.*—The accused may waive the right to poll the jury in a misdemeanor case.

3. *Same; Irregularity in Verdict.*—The jury, while the court was recessed, made their verdict, wrote it upon the indictment and handed it to the clerk of the court and dispersed; when the court reconvened the judge refused to receive the verdict and sent the jury to their room to make a verdict. All this was done without the consent of the defendant. Held, that as the judge refused to receive the verdict made and returned during the recess of the court, the dispersing of the jury did not amount to an acquittal, but was such an irregularity as rendered the verdict a nullity and it would not support a judgment of conviction.

APPEAL from Dale Circuit Court.

Heard before Hon. A. A. EVANS.

The defendant was indicted and tried for unlawfully or wantonly killing, disfiguring, or disabling a hog, the property of another, of the value of $15. The bill of exceptions states that the case was tried during the morning session of the court, and after the evidence was all in, and the attorneys had addressed the jury, and the judge had charged them, and the jury had retired to consider their verdict, the court recessed for dinner; that no agreement was made between the solicitor and the defendant, or his attorney, that the verdict of the jury, when found, could be received by the clerk in the absence of the defendant and the court; that while the court was at recess the jury found a verdict and wrote the same upon the indictment and returned to the courtroom, in the absence of the court and the defendant, and delivered to the clerk of the court their verdict, which the clerk

[Stewart v. The State.]

placed with the file. Thereupon the jury dispersed.
Upon the reconvening of the court for the afternoon ses-
sion, the clerk handed the verdict of the jury to the judge,
presiding, who from the bench read the verdict aloud.
The judge then caused said jury to take their place in
the jury box, and asked the jury what they meant by this
verdict. The verdict was as follows: "We, the jury,
find for the defendant and assess the value of the hog at
$6." The defendant objected to this question, assigning
his grounds that the verdict of the jury had been return-
ed to the clerk of the court as their verdict, and without
the consent of the defendant or his counsel they had dis-
persed and gone to their homes, and that there was no
consent on the part of the defendant or his counsel that
the verdict might be put in form, and that by dispersing
after rendering verdict they had done an act tantamount
to an acquittal. The obejection was overruled, and the
foreman of the jury answered the court that the jury
meant to find the defendant guilty and assess the dam-
ages at $6. The court explained to the jury how to put
their verdict in form to express what they intended, and
that the law required that, if they found the defendant
guilty, they should assess a fine against the defendant in
double the amount they found the value of the property
to be. The defendant objected to this, and excepted. The
jury retired, and returned a verdict in conformity to the
instructions of the court, and the court proceeded to pro-
nounce judgment of guilt upon the verdict last return-
ed.

SOLLIE & KIRKLAND, for appellant.—The defendant
should have been discharged under the facts in this case,
after the separation of the jury.—*Jones v. State,* 97 Ala.
77; *Foster v. State,* 88 Ala. 182; *Hayes v. State,* 107 Ala.
4; *State v. Hughes,* 2 Ala. 104; *Cook v. State,* 60 Ala. 39;
*Waller v. State,* 40 Ala. 332; *Jackson v. State,* 102 Ala.
76; *McCauley v. State,* 26 Ala. 135; *Cobia v. State,* 16
Ala. 748; *Ned v. State,* 7 Port. 187; *Brown v. State,* 63
Ala. 104.

[Stewart v. The State.]

MASSEY WILSON, Attorney-General, for State. No brief came to the reporter.

ANDERSON, J.—In all criminal cases, whether of felony or misdemeanor, the right of polling the jury is secured to either party. It is a right, however, like the right of trial by jury, which may be waived by the prisoner in case of misdemeanor.—*Brown v. State*, 63 Ala. 97. Th return of a verdict in the absence of the defendant and a dispersion of the jury is irregular, and would operate as a reversal of the case, unless it was a misdemeanor and it appeared that the defendant had consented to such a return.—*Jones v. State*, 97 Ala. 77, 12 South. 274, 38 Am. St. Rep. 150; *Wells v. State*, 147 Ala. 41 South. 630. If the verdict is not received and recorded, it would not result in an acquittal of the defendant, and the unauthorized dispersion of the jury would be good ground for a new trial and for a reversal by this court when the point is properly reserved.—*Jones' Case, supra; Hayes v. State*, 107 Ala. 1, 18 18 South. 172.

In the case at bar, the verdict was not received and accepted or recorded by the court, and did not work an acquittal; but, as the jury had dispersed before returning the verdict that was received, said verdict would not support a valid judgment of conviction, and the trial court erred in rendering judgment thereon over the objection of the defendant. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.