(76 South. 44)

MARRE v. STATE. (6 Div. 505.)

(Supreme Court of Alabama. May 17, 1917.)

1. TAXATION ☞493(7)—REVIEW—EVIDENCE ADMISSIBLE.

On appeal from a judgment of the county board of equalization fixing the value of appellant's property for the year 1915, a valuation placed upon her property in 1913 was not res adjudicata of the value of the property at that time, confining the state and fixing the valuation in question to the single point whether the property had changed value since 1913, in view of Acts 1915, p. 386, § 73, providing that in fixing the value of real estate for taxation the county board of equalization shall consider its location, use, etc.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 881.]

2. NEW TRIAL ☞46 — CONDUCT OF JURY — SEPARATION.

Where appellant made no objection to the receipt of the verdict in its amended form and there was no suggestion of improper conduct on the part of the jury or an effort shown to influence them during the time of their separation, there was no error in overruling appellant's motion for new trial based on separation.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 86½, 87.]

Appeal from Circuit Court, Jefferson County; A. S. Van de Graaf, Judge.

Proceedings before the county board of equalization, fixing value of certain property for taxation. From the value fixed upon her property Mary M. Marre appealed to the circuit court, and from the judgment there rendered appeals to this court. Affirmed.

E. J. Smyer, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAYRE, J. From an order, judgment, or decree of the Jefferson county board of equalization fixing the value of her property for taxation for the year beginning October 1, 1915, appellant appealed first to a jury in the circuit court, and from the judgment rendered on the verdict in the circuit court she has now appealed to this court, assigning errors which will be noticed in sufficient detail to cover all the questions raised.

[1] Appellant offered to show the valuation placed upon her property by the board of revenue for the tax year beginning October 1, 1913, and the argument against the trial court's ruling, by which this proposed evidence was rejected, is that the valuation by the board of revenue was res adjudicata of the value of the property at that time, and operated to confine the state, in fixing the valuation now in question, to the adduction of evidence which would go to the single point whether the property had changed in value since that time and to what extent. Some such rule as that for which appellant contends seems to obtain in New Hampshire in cases where judgment has been rendered on appeal from the appraisal of selectmen or assessors to the court; but in the case to which we have been referred, Winnipiseogee Lake Cotton & Wool Mfg. Co. v. City of Laconia, 68 N. H. 284, 35 Atl. 252, it was said that:

"Whether the appraisal by selectmen or assessors, not appealed from, is conclusive for any purpose, except as the basis for the assessment of taxes for the current year, is a question that need not be considered."

The other case cited by appellant, New Orleans v. Citizens' Bank, 167 U. S. 371, 17 Sup. Ct. 905, 42 L. Ed. 202, involved no question here presented for decision. It was there demonstrated with elaboration that the rule of res adjudicata was not, by reason of any public policy, to be denied full operation in controversies as to taxation, and the thing adjudged, and for that reason held to be conclusive against subsequent efforts to tax, was simply that by the contract of its charter the bank was not liable to be taxed. The underlying principle of that case was recognized and applied by this court in Anniston City Land Co. v. State, 185 Ala. 482, 64 South. 110.

Section 72 of the act, "to provide for the assessment, valuation and equalization of

values of real and personal property for taxation," etc., approved September 14, 1915 (Acts 1915, pp. 386–533), provides that the value fixed by the county board of equalization shall be and remain the taxable value of the property for a period of four years, etc., somewhat after the New Hampshire plan, but of course that provision added nothing to the effect of the assessment for 1913. Section 73 of the same act provided that:

"The county board of equalization shall visit, inspect, examine, equalize and value each piece and parcel of real property in the county, and after such inspection and examination thereof, shall cause to be recorded upon the land and lot book sixty per cent. of the reasonable cash value of such real property. In fixing the value of real estate for taxation, the county board of equalization shall consider its location, whether in town, city or country, and whether it is vacant, lying idle or so occupied and in use," etc.

—thus very clearly evincing the legislative purpose to establish a new point of departure in the matter of property valuation, and making it plain that upon the first assessment under the act previous assessments should exert no influence whatever. Thus by its accidents, if not otherwise, this case is accommodated to the rule which seems to be established by reason and the weight of authority, viz.:

"Each annual assessment of property for taxation is a separate entity, distinct from the assessment for the next and subsequent years. What may be a proper valuation one year may not be the next year, and thus a judgment decreeing at what figure a piece of property should be assessed last year for the purposes of taxation is not res adjudicata as against another valuation placed thereon by the proper authorities this year." 1 Cooley, Tax (3d Ed.) 758.

Hence our conclusion that there was no error in excluding evidence of the assessment for 1913.

Nor was there error in sustaining the state's objection to defendant's question seeking to have the witness state his opinion whether the reasonable cash value of appellant's property was on October 1, 1915, greater than it was on October 1, 1913, and, if so, how much greater; nor was it necessary to admit the record of the valuation by the board of revenue as tending to show the value of appellant's property on October 1, 1915. That judgment, as we have said, had not the force of an adjudication; it was entered by consent, and was in fact nothing more than an agreement between the parties. But, whether judgment or mere agreement, it was of no consequence, for the reason that the statute had prescribed a method of valuation and assessment, the effect of which was to exclude the method of valuation by comparison with previous assessments.

The charge requested by appellant was refused without error. It laid undue emphasis on a part of the evidence, viz., that part tending to show that the reasonable cash value of appellant's property was less than $120,000, and was obscure and confusing besides, in that it failed to make clear what was meant by "value on taxation."

[2] The jury were brought back into the jury box to be polled at appellant's request, and what was afterwards done in the matter of directing them to retire and further consider their verdict and the receipt of the verdict in its amended form was done without objection from appellant. The effect of the verdict in its last form was not different from the verdict first returned; there was no suggestion of improper conduct on the part of the jury, or that any effort had been made to influence them during the time of their separation. In these circumstances there was no error in overruling that ground of the motion for a new trial based upon the separation of the jury and the court's dealing with the verdict and its amendment. Proffatt on Jury Trials, § 462. An interesting statement of the law on this subject by De Graffenried, J., is to be found in King v. Robinson, 5 Ala. App. 431, 59 South. 371.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.