(102 So. 219)

### AMERICAN AUTOMOBILE INS. CO. v. CARSON. (4 Div. 148.)

(Supreme Court of Alabama. Nov. 6, 1924. Rehearing Denied Dec. 18, 1924.)

1. **Evidence ⬤⟿471(2)—Trial ⬤⟿311—Testimony of approximate distance and estimate of time is opinion evidence.**

Testimony of an approximate distance and estimate of time is opinion evidence, and in consideration thereof jury may exercise reasonable judgment consulting common knowledge and experience.

2. **Evidence ⬤⟿10(1)—Judicial notice taken of locations of Chicago and Pensacola and approximate distance between them.**

Courts take judicial knowledge of locations of Chicago and Pensacola and approximate distance between them.

3. **Appeal and error ⬤⟿927(7)—On review of refusal of plaintiff's affirmative charge, defendant's evidence taken as true.**

When considering propriety of refusal of general affirmative charge for plaintiff, defendant's evidence is taken as true.

4. **Detinue ⬤⟿22—Refusal of plaintiff's affirmative charge held without error, in view of insufficiency of evidence of identity.**

In action to recover automobile as stolen property where there was evidence that theft in question occurred in Chicago, September 3d, and that defendant's car was seen in Florida September 6th, and distance between such points was more than 1,900 miles, there was no error in refusal of plaintiff's general affirmative charge.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action in detinue by the American Automobile Insurance Company against Johnson Carson. Judgment for defendant, and plaintiff appeals. Affirmed.

It appears that the plaintiff insurance company issued a policy of theft insurance, on a Cadillac automobile, to a person in Illinois, which automobile was stolen in the city of Chicago on September 3, 1920; that the insurance company paid the loss to the owner, taking from the owner a receipt and bill of sale; that on September 6, 1920, defendant Carson saw a car, of the same make and type in Pensacola, Fla., which he acquired by trade and purchase two days later; that an investigator, representing the insurance company, found this car in the possession of the defendant, in Andalusia, Ala., in March, 1922, and claimed it to be the car stolen as stated. Shortly thereafter this suit was instituted.

The evidence as to the identity of the automobile was in conflict. The jury returned a verdict for the defendant. There was judgment accordingly, and from it the plaintiff has appealed, assigning as error the action of the court in refusing the affirmative charge requested by it in writing and in overruling its motion for a new trial.

Rushton, Crenshaw & Rushton, of Montgomery, and E. O. Baldwin, of Andalusia, for appellant.

Courts will take judicial knowledge of the distance between important centers of population. Illinois v. Pease, 207 U. S. 100. Testimony of a witness as to the distance between the points and the time required to make the trip, being such as the court knows to be erroneous, is testimonial nonentity, and will not prevent the giving of a peremptory charge. Ætna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 So. 351; Hicks v. Burgess, 185 Ala. 584, 64 So. 290; Stockburger v. Aderholt, 195 Ala. 56, 70 So. 157; Standard Oil Co. v. Douglass, 18 Ala. App. 625, 93 So. 286.

J. Morgan Prestwood, of Andalusia, for appellee.

A judgment overruling a motion for new trial will not be reversed, unless the evidence palpably fails to support the verdict. Bingham v. Davidson, 141 Ala. 551.

THOMAS, J. The rules governing the giving of the affirmative charge have been stated by this court and need not be repeated. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

Under the conflicts in the evidence, jury questions were presented as to several material facts: The alteration vel non of the policy of insurance as to the factory number of the car as originally expressed in the policy; the initials on the doors of the car as sold and the absence thereof on the car found in defendant's possession; the distance from Chicago to Pensacola; the time required to drive an automobile from and to the points indicated by the evidence. The time of the larceny of the car in Chicago is fixed as September 3 and that when defendant's car was seen in Florida was September 6, 1920; and the distance between the two points was 1,900 miles.

[1] The testimony of an approximate distance and estimate of time is opinion evidence. In the consideration of such evidence the jury have the right to and should exercise a reasonable judgment, consult common knowledge and experience, and consider such evidence with all the other evidence on the question, and draw the reasonable inferences therefrom in finding the truth of the matter for decision.

[2, 3] Courts take judicial knowledge of the locations of Chicago and Pensacola and the approximate distance between the two points. People of Illinois v. Pease, Sheriff, 207 U. S. 100, 28 S. Ct. 58, 52 L. Ed. 121, 126. However, under one phase of the evidence it is

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

shown that the usual route of travel between said cities was a greater distance than 1,900 miles, and that the mode of travel was by automobile. We take such evidence for the defendant as true, when considering the propriety of giving the general affirmative instruction for the plaintiff. The reasonable time required to transport a car between the said two points was a material question of fact for the jury. The cases of Ætna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 So. 351, Hicks v. Burgess, 185 Ala. 584, 64 So. 290, and Stockburger Brothers v. Aderholt, 195 Ala. 56, 70 So. 157, as to opinion evidence opposed to undisputed facts raising no issue, are not inconsistent with the holding we now make.

[4] When the original policy of insurance certified to this court is inspected, and all the evidence is considered, we are of the opinion that no error was committed by the trial court in refusal of written charges requested by the plaintiff.

Under the rule of Cobb v. Malone & Collins, 92 Ala. 631, 9 So. 738, and cases following that case, no reversible error was committed in overruling plaintiff's motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.