(113 So. 495)

**SCOTT v. PARKER.** (6 Div. 876.)

Supreme Court of Alabama. April 14, 1927.

Rehearing Denied June 2, 1927.

**1. Interpleader ⊙⇒4—Parties in interest may be before court by interpleader in action in detinue.**

The parties in interest may be before the court by interpleader in action in detinue.

**2. Detinue ⊙⇒17—Complaint in detinue sufficiently identified touring car by motor number and names of maker and steering wheel.**

Complaint in detinue sufficiently identified touring car sued for by its motor number, the name of the maker, and the statement that it was a "Fox steering wheel."

**3. Discovery ⊙⇒44—Objections and motion relating to discovery in detinue action must be brought to court's attention before trial.**

Objections and a motion relating to discovery at law in an action in detinue must be brought to the attention of the trial court before entering on the trial.

**4. Discovery ⊙⇒69—Motion called to attention after trial, that other answer was required by interrogatories, held too late (Code 1923, § 7764 et seq.).**

Motion called to court's attention after trial in detinue, that other answer was required and asked by interrogatories propounded under Code 1907, § 4049 (Code 1923, § 7764 et seq.) was too late.

**5. Continuance ⊙⇒26(3)—Refusal of continuance to secure testimony of absent witnesses held not error in absence of timely effort to secure testimony (Code 1923, §§ 3656, 7734 et seq.).**

Refusal of continuance to secure testimony of absent witnesses in detinue action *held* not error, where no timely effort to procure depositions was shown as permitted and required by Code 1923, §§ 3656, 7734 et seq.

**6. Witnesses ⊙⇒18—Writ of habeas corpus ad testificandum to secure testimony of convicts in civil suits is superseded (Code 1923, § 3656).**

Code 1923, § 3656, providing that the testimony of convicts may be taken in civil suits on interrogatories and notice, supersedes the common-law writ of habeas corpus ad testificandum.

**7. Evidence ⊙⇒489—Plaintiff in detinue to recover automobile may testify to rental value as element of damage.**

Plaintiff in detinue action to recover automobile or its value may testify as to the reasonable rental value of automobile as an element of damage.

**8. Detinue ⊙⇒18—Evidence of use of automobile sought to be recovered in detinue is relevant on question of value.**

Length and character of use of automobile are proper matters to be considered in determining the value of an automobile sought to be recovered in an action in detinue, and evidence thereof is admissible.

**9. Detinue ⊙⇒22—Condition, use, and value of automobile which is subject of detinue are for consideration of jury.**

Condition, use, and value of automobile which is subject-matter of action in detinue are matters for consideration of the jury in determining market value and damages for detention.

**10. Evidence ⊙⇒483(1), 489—Witnesses shown to have knowledge and experience thereof may testify in detinue action as to condition, use, and value of automobile involved.**

Witnesses may properly be permitted to testify as to condition, use, and value of automobile which is subject-matter of action in detinue after they have shown knowledge and experience thereof.

**11. Detinue ⊙⇒18—In detinue for automobile, testimony of identity of motor number and that on dealer's bill of sale to plaintiff held admissible.**

In detinue action to recover automobile or its value, testimony of identity of the motor number with one on bill of sale issued by the automobile dealer who sold the car to plaintiff *held* admissible.

---

**12. Trial ⚖️339(4)—Court properly directed jury to reassemble after dispersion and correct verdict in detinue by adding finding of value.**

In action in detinue where the parties and the court had agreed that the jury might deliver verdict during the night to the clerk and disperse and the court should put it in form, the court properly directed the jury on reassembling to correct their verdict so returned by adding thereto a finding of the value of the car in suit.

**13. Detinue ⚖️24—Failure to assess value of automobile possessed by defendant, in verdict for plaintiff in detinue, held matter of substance.**

Failure to assess value of automobile in defendant's possession, in verdict for plaintiff in suit in detinue therefor, held matter of substance.

**14. Judgment ⚖️198—Return and notation of verdict in open court are prerequisite to final judgment in detinue action.**

There is not a final judgment in detinue until the verdict is returned and noted in open court.

**15. Trial ⚖️339(4)—Before entry of verdict and jury's discharge, court may direct jury to reconsider verdict and put it in form.**

Court may direct jury to return for reconsideration of a verdict in a civil action and put it in form at any time before the verdict has been entered and the jury discharged.

**16. Trial ⚖️339(1)—Court's power to direct jury to reconsider and put verdict in form extends to verdict insufficient in substance.**

Court's power, before verdict's entry and jury's discharge, to direct jury to return and put verdict in form, extends to a verdict insufficient in substance.

**17. Trial ⚖️339(4)—Jury's dispersion at night under parties' agreement did not operate as discharge so as to prevent completing verdict in morning.**

Under agreement made in open court in detinue action that the jury might disperse at night after handing verdict to clerk, the dispersion did not operate so as to prevent the court from resubmitting the case the following morning to complete the verdict by adding finding of property's value.

**18. Records ⚖️9½—Lack of bill of sale and automobile license tag held fatal to claim of ownership and right of possession (Acts 1919, p. 397, § 361, schedule 6; Acts 1923, p. 320).**

Failure of defendant, in action in detinue to recover automobile or its value, to have a bill of sale or a license tag after the tag issued to plaintiff and on the car when received by defendant had expired, held fatal to defendant's claim of ownership and right to possession, in view of Acts 1919, p. 397, § 361, schedule 6; Acts 1923, p. 320, relating to licensing of automobiles.

**19. Trial ⚖️76 — Objections after responsive answer to questions which indicate nature of evidence are not timely.**

Objections to evidence responsive to questions disclosing the purpose or nature of evidence to be introduced are not timely if made after the questions have been answered.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action in detinue by W. E. Parker against J. B. Harmon, with disclaimer by Harmon and interpleader by Pinkney Scott as real party defendant. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Pinkney Scott, of Bessemer, pro se.

It was error for the court to reassemble the jury to correct the verdict. The court should have set aside the erroneous verdict and ordered a new trial. Jernigan v. Willoughby, 159 Ala. 651, 48 So. 812; Southern W. H. Co. v. Johnson, 85 Ala. 178, 4 So. 643; Jones v. Anderson, 76 Ala. 432; Grace v. McKissack, 49 Ala. 166; Spence v. Tuggle, 10 Ala. 538.

Estes & Smithson, of Bessemer, for appellee.

A verdict is not a verdict until it is affirmed by the jury in open court. King v. Robinson, 5 Ala. App. 431, 59 So. 373; 29 A. & E. Ency. L. 1044. The judge has the right to tell the jury to reconsider their verdict. Proffatt on Jury Trial, 458. An objection to a question must be made when the question is propounded. Sharp v. State, 193 Ala. 22, 69 So. 122; Pope v. State, 168 Ala. 33, 53 So. 292; Downey v. State, 115 Ala. 108, 22 So. 479; Kramer v. Compton, 166 Ala. 216, 52 So. 351.

THOMAS, J. The suit in statutory form was detinue for the car; there was interpleader, and under the replevy bond it was with the defendant. The pleading was in short by consent; hence we need not consider the ruling on the pleas.

[1] The parties in interest, by interpleader, were before the court. Cloud v. Dean, 212 Ala. 305, 102 So. 437; Marsh v. Mutual Life Ins. Co., 200 Ala. 438, 76 So. 370; Stewart v. Sample, 168 Ala. 270, 53 So. 182.

[2] The complaint sufficiently identified the "touring car" sued for by its motor number and name of the maker thereof, with "Fox steering wheel." The demurrer was properly overruled.

[3, 4] The rights to discovery at law under the statute were considered in Russell v. Bush, 196 Ala. 309, 71 So. 397; and that to be timely the objections and motion must be brought to the attention of the court before entering on the trial. Collins v. M. & O. R. Co., 210 Ala. 234, 97 So. 631. The evidentiary effect thereof is contained in Ala. Power Co.

v. Bodine, 213 Ala. 627, 105 So. 869. The bill of exceptions, so far as it discloses the action complained of, was taken after the trial was entered upon. That is, that the motion at said time called to the attention of the court that other answer was required and asked by interrogatories propounded under the statute. Code of 1907, § 4049; § 7764 et seq., Code of 1923; Ala. Power Co. v. Bodine, 213 Ala. 627, 105 So. 869. This was too late. However, the court permitted additional answer to be made by way of exhibits. There was no error in ruling as to this motion.

[5, 6] There was no error on the predicate shown, in denying a continuance for witnesses Neal and W. C. Steele. The former was indicated to have been temporarily or permanently out of the state, and the attachment was issued for W. C. Steele, who "was absent from court." (The bill of exceptions showed that W. C. Steele testified for defendant.) It is not indicated when this action by the court was invoked—whether before or after entering upon the trial. So, of the request for order to produce the convict Powell, who was incarcerated in Kilby Prison at Montgomery at the time request therefor was made, no timely effort is shown to obtain the depositions of said convict as a material and necessary witness in the case in the manner required by law; §§ 3656, 7734, et seq., Code of 1923, operating a change as to common-law writ of habeas corpus ad testificandum. Ex parte Brown, 206 Ala. 528, 91 So. 306; State ex rel. Reese v. Montevallo Mining Co., 18 Ala. App. 697, 92 So. 926; Turner v. State, 19 Ala. App. 698, 98 So. 926; Attorney General's Report 1920-22, p. 316.

[7-10] The reasonable rental for the detention of the car was a matter of damages that may be inquired of and given by plaintiff as a witness. The length of the ordinary use of that car, or such car for private purposes, was a tendency of and material evidence which with the other evidence entered into the element of value; its condition, use, and value of the car sued for was for the consideration of the jury, so that its market value and that for its detention may be found by the jury. To such facts the witnesses were allowed to testify after showing knowledge and experience thereof. Hill Groc. Co. v. Caldwell, 211 Ala. 34, 99 So. 354.

[11] We have examined the several objections and exceptions made and reserved on the introduction of plaintiff's or defendant's original evidence and find no error. In plaintiff's rebuttal evidence the witnesses Howton and Dephonzo Parker were properly permitted to testify that they checked the motor number on the car in question with the bill of sale from the Bush Motor Car Company, and it was the same. Pacific Fire Ins. Co. v. Burnett, 212 Ala. 287, 102 So. 214; Amer. Auto Ins. Co. v. Carson, 212 Ala. 293, 102 So. 219.

The evidence showed the bill of sale and contract of plaintiff for the purchase of the car from Bush Motor Company and that the purchase price was paid. It was loaned to a third person to go to Birmingham and there to be delivered to another for return to plaintiff. The tag on the car, when it was delivered to Powell in Birmingham to return to the owner, was the same tag that was purchased by Willie Parker. Thereafter, without the knowledge or consent of the plaintiff, the car was in the possession of the original defendant, who refused to surrender the same; hence the suit. It is further shown that the defendant did not purchase a license tag for it in 1925, using the tag of Willie Parker; that plaintiff gave no permission to rent, lease, or sell the car; and that he had not parted with the title thereto. There was evidence of its reasonable market value and use.

[12] Defendant moved that the verdict and judgment be set aside on the grounds that the verdict could not be lawfully corrected in form or substance after its return; that "the jury was permitted to be separated without the consent of the defendant, and in the absence of the trial judge, or any court official, and left for public and open discussion with all parties over one full night and pending a recess of the court for more than 12 hours without instructions of any kind from the court, under their belief that they had rendered their verdict in the case and then discussed the case with sundry and diverse persons"; that the action of the court in respects thereto was "not authorized by law"; that "The verdict is one that was not rendered by the jury and could not be rendered by the jury until the last request of the court, which was done without any formal motion, and entirely upon the suggestion of counsel for the plaintiff in this case, therefore this verdict is not the verdict of the jury."

The recital of the bill of exceptions as to the agreement of the parties or counsel as to the receipt of the verdict by the clerk was as follows:

"* * * The parties agreed in open court for clerk to receive the verdict and the court to put it in form.

"Thereupon the jury having returned a verdict during the night and then separated, on the following morning, when court opened, the following occurred:

"'Mr. Estes: Now we ask that the jury be sent out and finish preparing the verdict and write a verdict; it is imperative that they assess the value of the car.

"'Mr. Scott: We object to it.

"'The Court: There was an agreement that the verdict be put in form. The twelve jurors in the W. E. Parker case against Harmon come around, please.

"'The Court: Gentlemen, in submitting this case to you yesterday, I instructed you that if you found a verdict for the plaintiff to assess the value of the car—the reasonable cash market value of the car—and you failed to do that in your verdict. So I will send you back and

ask you to fix the reasonable market value of the car and put that in your verdict.'

"Thereupon defendant, in open court, and before the jury retired, duly reserved an exception to the court's sending the jury back to the jury room to bring in another verdict, and as grounds for said objection and exception set down and assigned the following: That the court on the following day after the verdict was rendered and received, by agreement of counsel in the cause in open court, called the jury back and reinstructed them to retire and make up a different verdict to the one that was rendered by the jury, there being no excuse or cause shown by any paper filed, motion in arrest of judgment, motion for nunc pro tunc, or any other record or certificate to authorize the court to bring the jury back and to so instruct them against their verdict, and instructing them to render a verdict different to that already rendered; and defendant objected to the jury further deliberating on the case.

"The court then asked the jury to retire and make up their verdict; and to this action of the court the defendant there and then, in open court, duly reserved an exception."

There are authorities, pro and con, in other jurisdictions on the question now presented. That is to say, general authorities to the effect that a judgment in a civil case may be corrected (within the session of the court) in substance as well as in form, though the jury may have been permitted for a time to separate. Mr. Chief Justice Gray said in Commonwealth v. Tobin, 125 Mass. 203, 206 (28 Am. Rep. 220):

"In this country, by way of substitute for a privy verdict, and to attain the same end of allowing the jury to separate after they have come to an agreement, a practice has been adopted in civil actions, and in cases of misdemeanors, at least, if not of all but capital crimes, of directing the jury, if they should agree during the adjournment of the court, to sign and seal up their finding, and come in and affirm it at the next opening of the court; but the verdict which determines the rights of the parties, and is admitted of record, and upon which judgment is rendered, is the verdict received from the lips of the foreman in open court. When the jury have been permitted to separate after agreeing upon and sealing up a verdict, there is this difference between civil and criminal cases: In a civil action, if the written verdict does not pass upon the whole case, or the jury refuse to affirm it, the court may send them out again, and a fuller or different verdict afterwards returned will be good. But in a criminal case, the oral verdict pronounced by the foreman in open court cannot be received, unless it is shown to accord substantially with the form sealed up by the jury before their separation."

See, also, 44 L. R. A. 432; 23 L. R. A. 732; 27 R. C. L. 892.

The weight of authority is in accord with this general statement of the respective rule in civil and criminal cases, and are noted in 3 L. R. A. (N. S.) 1086, 1090; 2 Thompson, T. § 2552; Brooks v. Shelton, 54 Miss. 355. There are cases collected by Mr. Proffatt in

his Jury Trials (1880) § 461, to the effect that a sealed verdict is not valid until rendered in open court; that until then the jury may of their own motion, or on the due direction of the court, retire and reconsider the evidence and alter, modify or correct the verdict returned. Edelen v. Thompson, 2 Har. & G. (Md.) 31; Barnes v. Strohecker, 17 Ga. 340; Tyrrel v. Lockhart, 3 Blackf. (Ind.) 136; Pritchard v. Hennessey, 1 Gray (Mass.) 294. The conclusion of that author as to amending sealed verdicts is thus stated:

"In an action upon a note, the parties consented that upon the agreement of the jury they might seal and return their verdict to the clerk, which was done. The verdict upon being opened the following morning was found to be in this form: 'We the jury find for the plaintiff.' Whereupon the court had the jury recalled and instructed them to put their verdict in form, which they did by adding, 'for the sum of $590.40,' that being the amount of the note sued on with interest. There was no controversy as to the amount plaintiff was entitled to recover, if entitled to recover at all. It was held there was no error in this action of the court. And where the jury by consent of parties sealed up their verdict and separated for the night, the verdict was allowed to be altered on its presentation the following morning, though by such alteration the verdict became one against instead of in favor of the plaintiff."

It is now necessary that we consider the effect of the dispersion of the jury after the return of the verdict, under the terms of the agreement, and good faith of all parties, to contribute to the convenience and comfort of the parties, the jury, and the trial judge.

The criminal cases in this jurisdiction are to the effect that if the clerk of the court receives a verdict after adjournment for the day, without the consent of the accused, and it is entered the next day and the jury discharged, it is improper and irregular, is unauthorized discharge, and operates an acquittal in a criminal case. Jones v. State, 97 Ala. 77, 12 So. 274, 38 Am. St. Rep. 150; Hayes v. State, 107 Ala. 1, 4, 18 So. 172; Cowart v. State, 147 Ala. 137, 41 So. 631.

In Grace v. McKissack, 49 Ala. 163, 166, it was said in a civil suit:

"Regularly, the jury should not be permitted to separate until they have delivered their verdict; and the verdict should be delivered to the court. 3 Bla. Com. pp. 375, 376; 4 Bla. Com. pp. 360, 361; 10 Bac. Abr. p. 306, Verdict. But how or when it shall be reported to the court is, necessarily, often a matter of discretion; and unless this discretion is abused, to the injury of the party complaining, there is no ground for error. Wright v. Burchfield, 3 Ohio, 53; Hager v. Hager, 38 Barb. [N. Y.] 92; Smith v. Thompson, 1 Cow. [N. Y.] 221; Hilliard on New Trials, p. 52."

And in King v. Robinson, 5 Ala. App. 431, 439, 440, 59 So. 371, 373, it is said:

"If the parties to this cause had elected to treat the delivery by the jury to the sheriff of

their verdict as the final action of the jury, and the verdict, without a reimpaneling of the jury, had been received by the court and entered in the minutes of the court as the verdict of the jury, no one would, after this had been done, had been heard to complain. When, however, upon the reassembling of the court, the jury again took their seats in the jury box, and the sheriff handed back to the jury the papers in the case, in the presence of the court and of the parties to the cause, and the jury, in open court, formally announced the result of their deliberations, the formalities of law in regard to the reception of verdicts were in all things properly observed. When, however, a jury returns into court with a verdict, that verdict does not become in fact a verdict until it is received by the court. Until the court receives it the case remains with the jury."

And the facts of that case are:

"The court declined to receive the first verdict of the jury and had them to retire and reconsider their verdict. The appellants were present and made no objection and reserved no exception to this action of the court. *The court directed the jury, when they retired, in substance, to reverse their findings on the facts and to bring in a verdict for the appellee instead of for the appellants.*" (Italics supplied.)

A like statement of facts is not now presented.

In the quasi civil suit of Marre v. State, 200 Ala. 278, 76 So. 44, the court was considering the verdict and its amendment and the motion for a new trial (alleged unauthorized) on separation of the jury, and the decision was rested upon the failure to object and except to the action taken.

[13] It must be borne in mind the agreement of parties and court was that the verdict was to be delivered to the clerk, and that "the court to put it in form." What was the intent and purpose of such an agreement in a civil action? Did the words "put it in form" extend to a defect of substance? The failure to assess the alternate value of the property sued for, and in the possession of the defendant, was a matter of substance. Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758. The finding from the evidence was against the defendant for the car sued for, and the verdict was not changed as to this. The compliance with the statute was a condition in the interest of the parties in the ascertainment of the alternate value of the car. If the verdict had been for the defendant in possession of the personal property, such finding was unnecessary—where the property is in the possession of the successful party.

[14] It is true that there is not a final judgment until the verdict is returned and noted in open court. Marre v. State, 200 Ala. 278, 76 So. 44. And the question recurs: What may be done in open court on the reassembling of a jury on the morning after the verdict was handed to the clerk of the court under agreement to that effect and that the court "put it in form." This was the efficacious report of the jury to the court to give the latter an opportunity to put in form and make notation thereof, as required by law; or to note the defects of the verdict, decline to receive the same, and require the jury to return and reconsider the evidence and make the verdict comply with the law entering into to the controlling facts of the case.

[15, 16] From our cases it is decided that the trial court may direct the jury to return for reconsideration of a verdict in a proper case. And such is the right until it has been entered and until the jury have been discharged by the court and put the same in form. Hughes v. State, 12 Ala. 458; Ewing v. Sanford, 21 Ala. 157; Comer v. Jackson, 50 Ala. 384; Allen v. State, 52 Ala. 391; Wortham v. Gurley, 75 Ala. 356, 362; Higginbotham v. Clayton, 80 Ala. 194; Merchants' Bank & T. Co. v. Elliott, 16 Ala. App. 620, 80 So. 624. And that this right is held to exist as to a verdict insufficient in substance, Higginbotham v. Clayton, supra, trial of the right of property, Wortham v. Gurley, supra, a case in detinue, 38 Cyc. 1894, or where the verdict is not responsive to the issues or instructions, or not authorized by law, or otherwise defective, Traylor & Co. v. Hughes, 88 Ala. 617, 7 So. 159, a case in trover.

In St. Clair v. Caldwell & Riddle, 72 Ala. 527, it is declared that when there was a general verdict that does respond in substance to every material fact involved in the issues, the court, without the consent of the jury, put it in form; when the verdict is defective in substance, such right of amendment does not exist, but should send the jury back for further deliberation, if the verdict has not been received and the jury discharged. Mr. Chief Justice Stone observes:

"It is different when the verdict is imperfect in substance, and does not respond affirmatively, or by necessary implication, to the issues as formed. Such verdict is imperfect, not in form, but in substance. The presiding judge should not receive an imperfect verdict, but should remand the jury for further deliberation, under appropriate instructions. If the court were to attempt to aid such verdict, it would become, not the verdict of the jury, but of the court. Lee v. Campbell's Heirs, 4 Port. 198; Sewell v. Glidden, 1 Ala. 52; Layman v. Hendrix [1 Ala.] 212; Wittick v. Traun, 27 Ala. 562 (62 Am. Dec. 778); Clay v. The State, 43 Ala. 350; Walters v. Junkins, 16 Serg. & R. 414 (16 Am. Dec. 585); Proffatt on Jury Trials, § 456."

This power to resubmit extends to a case where the verdict is due to erroneous conception of law as applied to the facts in Whiting v. Sussman, 78 N. H. 486, 102 A. 539. And in Wortham v. Gurley, 75 Ala. 356, 362, a case in detinue, where the defect of the verdict was such as prevented a judgment under the issues of fact in detinue, Mr. Justice Somerville makes observation of the exercise of the

# 326

rights of correction in a matter of form by the court, and a resubmission to the jury to put the verdict in form under the law of the case and issues of facts. He says:

"There was nothing objectionable in the action of the court putting the verdict of the jury in proper form after they had returned it. There was no change in the amount of recovery, or in the substance of the verdict, which remained unaltered. It was a correction in form only. Ewing v. Sanford, 21 Ala. 157; Hughes v. The State, 12 Ala. 458. There is an obvious difference between dictating the substance of a verdict to a jury before they retire for deliberation, and merely correcting the form of a verdict after its rendition in open court."

[17] We think the court was within the law in resubmitting the issues of fact to the jury that it may put the verdict in proper form in conformance of law; and within the agreement made in such civil case in open court for the dispersion of the jury at night, after handing the verdict to the clerk, did not operate a mistrial or discharge of the jury from consideration of the case when properly resubmitted to them by the court on the reconvening and open session thereof the next morning. There being no reversible error on the trial, we say of said grounds of the motion predicated on such action (and other grounds) they were properly overruled.

[18] The automobile law of force required a chain of title to the car, and in this case Powell had no bill of sale nor new tag, and the time of expiration of the old tag had passed. It follows from this that the appellee's title to the car justified the finding of the jury. Gen. Acts of 1923, p. 320; Gen. Acts of 1919, p. 397. It would follow from such fatal defect in the defendant's right to maintain his possession and ownership that, if there had been error in ruling in the admissibility of the evidence, not affecting the foregoing as to compliance of law, such ruling was without error.

[19] If objections to evidence, responsive to questions disclosing the purpose or nature of answer or evidence to be introduced, are made after responsive answer, the objection is not timely. A party may not thus speculate on the answer that is apparent and illegal and move exclusion. That action is too late. Sharp v. State, 193 Ala. 22, 69 So. 122, and authorities; Pope v. State, 168 Ala. 33, 53 So. 292; Kramer v. Compton, 166 Ala. 216, 221, 52 So. 351; Rutledge v. Rowland, 161 Ala. 114, 123, 49 So. 461; West Pratt Co. v. Andrews, 150 Ala. 368, 376, 43 So. 348.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.